## MIDLAND SAVINGS & LOAN CO. v. CHEVES et al.

No. 7469—Opinion Filed June 6, 1916.
(158 Pac. 362.)

1. **Appeal and Error—Reception of Evidence—Waiver of Objection.**

Where one party introduces incompetent evidence, he cannot complain of the action of the court in allowing the other party to introduce the same character of evidence directed to the same point at issue.

2. **Trial — Instructions — Conflicting Evidence.**

Where, in an action to recover a balance claimed to be due upon a written contract, the defendants deny that any sum is due, and such denial is supported by evidence, it is not error for the court, in submitting the issue to the jury to advise it to find the amount due "if any," under the contract.

(Syllabus by Galbraith, C.)

Error from District Court, Muskogee County; Fred M. Branson, Judge.

Action by the Midland Savings & Loan Company against J. W. Cheves and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Furry & Motter and A. J. Bryant, for plaintiff in error.

Neff and Neff and Harry G. Davis, for defendants in error.

Opinion by GALBRAITH, C. This action was commenced in the trial court by the Midland Savings & Loan Company, a Colorado corporation, to recover judgment in the sum of $724.55, and interest at the rate of ten per cent. per annum, from March 1, 1914, claimed to be due on a building and loan contract, and to foreclose a real estate mortgage given to secure the same.

The answer of Cheves and wife admitted making the loan and the execution of the bond and mortgage in the sum of $700 and the receipt of $683 thereon, but alleged that they had paid upon said indebtedness a sum in excess of $900, and that the same had been fully discharged on March 12, 1912, and also that the contract was obtained by fraud, and was usurious and void. There was a trial to the court and a jury, and a verdict returned for the defendants, and judgment rendered accordingly, from which the building and loan association appealed to this court.

It is complained that the trial court erred in admitting certain evidence over the objection of the plaintiff in error, and more particularly the evidence of William E. Neff, who was one of the attorneys for the defendants, and called and sworn as a witness in their behalf. The principal facts relied upon by the plaintiff to establish its cause of action, outside of the written instruments involved, are found in the testimony of its secretary, whose deposition was taken and admitted in evidence in its behalf. In this deposition the secretary made a calculation of the amount claimed to be due on the bond, contract, and mortgage, and set out the various items of charge and credit, giving specific detail of the items going to make up such charges and credits, consisting of dues, fines, assessments and interest thereon, and the result of his calculation showed a sum certain due upon the obligations after having allowed all proper credits thereon. To meet this testimony the defendants called Mr. Neff and asked him if he had examined the statement made by the secretary of the building and loan association, as given in his deposition, and he said that he had, and was then asked to make a calculation of the amount due, which he did, giving the amount he found due, and told how he had arrived at the result; taking the contention of the plaintiff, there would be one result, and taking the contention of defendants and allowing the credits claimed, there would be another and different result, to wit, that on March 1, 1912, the loan and interest had been more than paid. It is contended that this witness was called as an expert, and that he had failed to qualify as such, and that his conclusions announced were merely opinions and inadmissible, and were an evasion of the province of the jury; that the jury had the right to take the bond and the contract and to make the calculation and determine from them the amount due, after allowing all credits made thereon. It does not appear that this witness was called as an expert, or that an attempt was made to have him qualify as such. It seems that he made the calculations from the contract and bond and mortgage, which the jury or the court might have made, and the jury were not compelled to agree to the correctness of his calculations, but that, if they were assisted in any way by his labors and testimony, it does not seem that any one was injured thereby. The controlling issue in this case was as to the amount, if any, due

the loan company under the contract. The company claimed a large amount as balance due. and the defendants contended that more had been paid than could properly be demanded under the contract.

The ultimate fact to be determined as a result of the trial of the issues in the instant case, was what sum, if any, was due upon the contract in suit. This was an issue of fact, and was for the jury. The bond, contract, and mortgage were in writing, and the evidence of payment made part in writing and part in parol. The issue was to be determined by casting the account—a question of computation. Testimony as to the amount due, or that no sum was due, was relevant and competent. It is possible that any one who had computed the account might be competent to testify to the fact. It was not a question of science or special skill calling for expert testimony. Hicks v. Davis, 32 Okla. 195, 120 Pac. 260. However, if it be admitted that this testimony of Neff was incompetent, the plaintiff has waived its right to object to the testimony, and cannot now urge this assignment, because it introduced the same kind of evidence in support of the action. The plaintiff had its secretary make a computation of the amount due and to testify concerning it. If Neff's testimony was incompetent, then the plaintiff's evidence of the same character was likewise incompetent. Neff was called to meet the testimony of the plaintiff's secretary as to the amount due upon the contract in suit. It is a settled rule of vidence that, if one party introduces incompetent testimony, he waives the right to object to incompetent evidence introduced to meet it by his adversary.

"It is never erroneous to receive irrelevant evidence to rebut evidence of like kind offered by the opposite party." Mobile R. R. Co. v. Ladd, 92 Ala. 287, 9 South. 169.

"If a party opens the door for the admission of incompetent evidence, he is in no plight to complain that his adversary followed through the door thus opened." Perkins v. Hayward, 124 Ind. 449, 24 N. E. 1034.

"The defendant opened the door for the testimony, and cannot complain that it was not closed soon enough to suit him." Sherwood v. Titman, 55 Pa. 77, 80.

"Where one party introduced incompetent evidence, he cannot complain of the action of the court in allowing the other party to introduce the same character of evidence directed to the same point at issue." German-American Ins. Co. v. Brown, 75 Ark. 251. 87 S. W. 135; 1 Wigmore on Ev. 15.

Upon these authorities we are constrained to hold that the plaintiff waived its right, if any, to urge this exception, and therefore overrule the same.

The court, in submitting the cause to th. jury, stated with painstaking care the issues presented by the pleadings. and instructed the jury that the contract was entered into under the laws of the state of Colorado. and that those laws controlled in its interpretation, and that. the contract was not usurious and void under the law of Colorado. and that there was no evidence of fraud in securing the execution of the contract. and that the bond in suit was a legal obligation, and the defendants were bound thereby, and advised the jury that the only issue that was submitted to it for determination was to find the amount due upon the bond, if any. Exception was taken by the plaintiff to the instruction submitting the issue to the jury, and the phrase therein "if any," contending that under any theory of the case the plaintiff was entitled to judgment in some amount, and that this phrase in the instruction left the matter to the jury, whether or not any sum was due thereon. With this contention we are not impressed. The plaintiff contended that a large sum was due it, and the defendants contended that nothing was due. It was entirely proper for the court to put this qualifying phrase in the instruction, and to thus submit the issue to the jury for determination.

In the trial of this cause the court below found all of the issues of law in favor of the plaintiff, and submitted to the jury one issue of fact, namely, what amount, if any, was due upon the contract in suit. The evidence was conflicting. The evidence on behalf of the plaintiff showed a. considerable sum varying from $170 to $700 due; while the testimony in behalf of the defendants showed that not only the entire debt had been paid, but a considerable sum in excess thereof. The issue of fact was properly submitted to the jury under favorable instruction as to the law applicable thereto. It is apparent from the verdict that the jury did not believe the testimony admitted in behalf of the plaintiff and did believe that in behalf of the defendants on the controlling issue. We are not prepared to say, after a careful examination of the evidence, that any other verdict than that returned by the jury would have been justified by the record.

The judgment appealed from should be affirmed.

By the Court: It is so ordered.