(No. 6677.   July 10, 1939.)

STATE, Respondent, v. HOMER BAKER, Appellant.

[92 Pac. (2d) 133.]

Leo Bresnahan, for Appellant.

J. W. Taylor, Attorney General, R. W. Beckwith, Assistant Attorney General, and Kenneth O'Leary, Prosecuting Attorney, for Respondent.

GIVENS, J.—Appellant was convicted of rape upon a female under the age of 18 years.

For the purpose of showing that appellant was not with the prosecutrix at the time and place of the alleged offense he called his former wife who testified that he was with her at her home and she fixed the date by reason of the fact that he came to get a doctor's prescription for her, paying for it himself; on cross-examination the state was permitted to question her as to his going out with other women and that she had testified on her divorce action that he had been remiss in giving her money.

Since evidence of specific instances of sexual irregularities with women other than the prosecutrix may not be shown (*State v. Larson,* 42 Ida. 517, 246 Pac. 313), evidence of his association with other women was inadmissible and prejudicial. The testimony of his not giving his wife

money was too remote from the issues involved inasmuch as the ̀evidence of the prescription and his payment thereof was used only to fix the time and place of his visit to his wife.

Appellant insists the court erred in refusing to give Defendant's Requested Instruction No. 7[1]. While pregnancy might not point to the particular person accused of the crime, it does corroborate the testimony of the prosecutrix in that it is evidence the crime was committed, hence the instruction was too broad and therefore properly refused. (*State v. Henderson*, 19 Ida. 524, 114 Pac. 30.)

While the Attorney General confessed the above errors and that the evidence is insufficient to sustain the verdict in that the prosecutrix was not corroborated, and attorney for appellant urges no new evidence can be secured and that therefore the case should be dismissed, the record does not so conclusively indicate that additional evidence may not be secured as to demand more than a reversal of the judgment and remand of the cause for a new trial.

The judgment is therefore reversed and the case remanded with instructions, that the trial court either put the defendant on trial or dismiss the charge, in his discretion, after hearing the prosecuting attorney as to the probability of producing any further or additional evidence on a new trial. It is so ordered.

Ailshie, C. J., Budge and Holden, JJ., concur.

Morgan, J., because of illness, did not participate.

---

[1] Defendant's Requested Instruction No. 7:

"You are instructed, gentlemen of the jury, that in considering the evidence as to whether or not the defendant had sexual intercourse with the prosecutrix, the fact that the prosecutrix became pregnant is not a fact to be considered as corroborative of her testimony on that question. Proof of such fact alone would not tend to connect the defendant with the commission of the offense."