VOGEL et al. v. FISHER et al.

No. 33849.   Dec. 12, 1950.

*225 P. 2d 346.*

F. V. Westhafer and Hughey Baker, both of Tulsa, for plaintiffs in error.

A. C. Saunders, of Tulsa, for defendants in error.

GIBSON, J.   This is an action to recover $1,000 deposited as earnest money pursuant to terms of a contract for the purchase of real estate.

Walter E. Vogel and wife, as seller, and E. W. Fisher and wife, as purchaser, entered into a written contract under date of May 29, 1947, for the sale and purchase of real estate situate in the city of Tulsa, Oklahoma. Under the terms of the contract there was deposited by the purchaser with Dennis Flournoy, as agent of the seller, the sum of $1,000 as earnest money, the same to be applied on the purchase price provided the terms and conditions of the purchase were met by the seller.   Under the terms of the contract the purchaser had until June 3, 1947, to have the property inspected for termites and if same were found to be present the purchaser, at his election, was entitled to declare the contract void and demand return of the earnest money or have the premises treated therefor at the expense of the seller.

It was further provided in the contract that an additional sum of $10,-000 of the purchase price was to be paid upon approval of title by purchaser's attorney.   In that connection seller agreed to furnish within ten days abstract of title to the property brought down to date of delivery and the purchaser's attorney to have five days within which to examine the same. And seller further agreed that if seller failed for fifteen days to correct the defects found or meet the requirements made by purchaser's attorney, the contract should be null and void and said earnest money returned to purchaser.   It was further provided that if seller complied with his part of the contract and purchaser failed for ten days thereafter to pay the balance of the purchase money owing, the $1,000 earnest money should be retained by seller as liquidated damages.   The contract contained other provisions but they are not material to the questions in issue.

In his amended petition purchaser alleges that an inspection of the premises disclosed the presence of termites and, on June 5, 1947, purchaser notified seller by registered mail that, in accordance with the terms of the contract, he elected to declare the con-

tract at an end and therein demanded the return of said $1,000. There is further alleged that thereafter purchaser's attorney, A. C. Saunders, was advised by Hughey Baker, seller's attorney, that the abstract of title to the property was ready for examination and in response thereto purchaser's attorney transmitted the following letter:

"June 11, 1947.

"Mr. Hughey Baker,
"Attorney at Law.
"Mayo Building,
"Tulsa, Oklahoma.

"Dear Mr. Baker:

"As I advised you over the telephone the other day, I will be glad to check over the Vogel Abstract, which I understand is now available; provided, however, that in accepting and checking the Abstract my client Mr. Fisher does not waive any provision of the real estate contract, insofar as it relates to the presence or non-presence of termites in the property.

"Yours very truly,

"/s/ A. C. Saunders."

It is further alleged that the abstract was examined by purchaser's attorney who made certain requirements, which requirements seller did not meet or offer to meet. It is charged in the petition that plaintiff is entitled to recover said deposit on each of the two grounds, that is, by reason of his election to cancel the contract because of the presence of termites and by reason of the failure of seller to meet the requirements indicated by purchaser's attorney.

Seller and Flournoy severally filed motions to strike from the petition the allegations concerning the examination of the abstract and the failure of seller to make correction of the purported defects in the title as being a breach by seller of the terms of the contract. And, as reason therefor, there is declared that it appearing on the face of the petition that purchaser had elected to cancel said contract for the grounds stated, and had not waived the right to stand thereon, seller was prevented and relieved from further performance and therefore such failure constituted no breach of the contract. The motions were overruled and exceptions allowed. Seller and Flournoy filed answers which tendered issue on both grounds, the allegation of the presence of termites being denied and that of the failure to meet requirements by plea of confession and avoidance. The issues were tried to a jury which rendered a verdict for plaintiff for $1,000.

Seller and Flournoy, as plaintiffs in error, assign as error the action of the court in overruling said motions to strike and in permitting over their objections evidence of the examination of the abstract, the requirements made thereon and the failure of seller to meet the same. Defendant in error, the purchaser, contends that the error, if any, was waived by seller's cross-examination of purchaser's witness concerning the subject-matter and seller's introducing evidence thereon in rebuttal. The evidence elicited on cross-examination and that introduced by seller was to the effect that seller was desirous of going through with the contract and was ready and willing to meet the requirements as to the title and other obligations devolving upon him and that purchaser refused to recede from his election to treat the contract as canceled.

In Quinette v. Mitschrich, 109 Okla. 281, 235 P. 530, we said:

"The conduct of a party to a contract, which prevents or dispenses with performance by the adverse party, is equivalent to a waiver of the right to require performance. 13 C. J. 648; Schaeffer v. Blair, 149 U. S. 248, 13 Sup. Ct. 856, 37 L. Ed 721; 6 C. J. 745."

The application of the rule to the conduct of the purchaser herein is too

plain for argument—he could not consider the contract canceled as to himself and yet obligatory upon the seller.

As supporting the contention that seller waived his objection to purchaser's evidence, there are cited Midland Savings & Loan Co. v. Cheves, 59 Okla. 85, 158 P. 362; Dills v. Calloway, 175 Okla. 395, 52 P. 2d 707, and others to like effect. These cases are not in point. The pertinent general rule is stated in 64 C. J. 1292, sec. 1175, as follows:

"A party does not ordinarily waive his objection to the erroneous admission of evidence by subsequently introducing evidence to disprove the matters testified to, or to prove facts inconsistent therewith, even though it be of the same kind or nature."

The applicable rule and the reasons therefor is correctly stated in Darling v. Franklin Fire Ins. Co. of Philadelphia, Pa., 122 Kan. 620, 253 P. 245, from which we quote:

"It is suggested by plaintiff that if there was error in the admission of the evidence, it was cured or waived by the fact that defendant subsequently offered evidence of a similar kind, and some cases of our own court are cited in support of the suggestion, which we think do not bear directly on the question involved.

"Objections were made when the opinions of witnesses were offered, and the court after consideration overruled them and made that ruling the law of the case. It was a definite and final ruling to which the defendant was required to submit. It was obliged to try the case upon the theory announced by the court, and could not have the ruling reviewed until the trial ended and judgment was entered. The fact that defendant conformed to the ruling and offered testimony on the theory adopted by the court and which it was obliged to accept did not, we think, indicate a purpose to waive the error, nor did it increase the burden imposed on the plaintiff, who had invoked the action of the court. In Teter v. Spooner, 279 Ill. 39, 116 N. E. 673, the matter of waiver was considered, and it was held:

" 'After the court has overruled a defendant's objections to a certain class of evidence the defendant may introduce evidence of the same class to meet that of the plaintiff without waiving his right to urge his exceptions on appeal.'

"The Supreme Court of Nebraska, on a similar question, ruled:

" 'We think plaintiff should not be charged with complicity in the error complained of; the immaterial and incompetent evidence had been received with the approval of the court, and plaintiff was not required to rely upon her exception, but might reasonably proceed in accordance with the view of the trial court and offer evidence of a similar character to rebut the inferences which might be drawn from defendant's evidence without waiving the objection.' Macke v. Wagener, 106 Neb. 282, 183 N. W. 360."

The judgment must be reversed for the error in the admission of evidence, and it is unnecessary to consider the other assignment of error.

The judgment is reversed and the cause remanded with instruction to grant a new trial.

ARNOLD, V.C.J., and CORN, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.