STATE OF MONTANA, Plaintiff and Respondent, *v.* RALPH MERRITT, Defendant and Appellant.

No. 10161.
Submitted October 31, 1960. Decided December 19, 1960.
357 P.2d 683

Ralph J. Anderson and Stanley P. Sorenson, Helena, for appellant.

Ralph J. Anderson argued orally for appellant.

Forrest H. Anderson, Atty. Gen., Wayne E. Linnell, Asst. Atty. Gen., for respondent.

Wayne E. Linnell argued orally for respondent.

MR. JUSTICE ANGSTMAN delivered the Opinion of the Court.

Defendant has appealed from a judgment of conviction of the crime of forgery and from an order denying his motion for a new trial.

The information charged that defendant on or about the 18th day of March 1959, ''did, wilfully, wrongfully, unlawfully, and feloniously utter, publish and pass as true and genuine a certain false, forged document, purporting to be made by one Mrs. Walter J. Powers, and purporting to be signed by the said Mrs. Walter J. Powers, the said defendant, Ralph Merritt, then and there knowing that the said document was false and forged as aforesaid; * * * with the intent in him to prejudice, damage and defraud the Universal C. I. T. Credit Corporation and the said Mrs. Walter J. Powers.'' The document purported to be a chattel mortgage on an automobile and a copy of the instrument was attached to the information.

Defendant owned and operated Ralph's Auto Sales at Great Falls, Montana, and in the operation of this business sold many new and used automobiles. He sold a 1959 Chevrolet Impala 4 door sedan, to Mrs. Walter J. Powers of Conrad, Montana. As shown on the purported chattel mortgage the cash down payment was $1,200 leaving a balance of $3,954.96, which was to be paid in thirty-six successive monthly installments each in the amount of $109.86 beginning May 1, 1959.

The sales record of Ralph's Auto Sales shows sale price to

have been $4,200. To this amount was added an additional charge of $206.37 and a further charge of $748.59, which appears to be the interest payable making a total of $5,154.96. After the down payment of $1,200 was made there remained a time balance of $3,954.96.

The principal question presented by the appeal is whether it was error to admit evidence of other allegedly similar offenses which was offered and received for the limited purpose of showing a pattern and design and the intent of the defendant in connection with the offense of which he is charged.

The general rule is that evidence of other alleged crimes is not admissible. There are however exceptions to the general rule.

In 22 C.J.S. Criminal Law § 682, pp. 1084, 1087, it is stated:

"The general rule, which is subject to exceptions stated in §§ 683-690, infra, is that, on a prosecution for a particular crime, evidence which shows or tends to show that accused has committed another crime wholly independent of, and unconnected with that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible, and such evidence of an independent crime is inadmissible for the reason, among others, that it ordinarily does not tend to establish the commission by accused of the offense charged, that accused must be tried for one offense at a time, and that, in accordance with the more extensive general rule, which applies to all cases, civil or criminal, the evidence must be confined to the point in issue."

One exception to the general rule is where the evidence of other crimes tends to establish a common scheme, plan or system and where such other crimes are similar to, closely connected with and not too remote from the one charged, and also where they are so related that proof of one tends to establish the other. Thus in 22 C.J.S. Criminal Law § 688, p. 1109, et seq., it is said:

"As a general rule, evidence of other crimes than that charged is competent when it tends to establish a common scheme, plan, system, design, or course of conduct, at least where such other crimes are similar to, and closely connected with, the one charged, and were committed at about the same time or at a time not too remote. Another statement is that evidence of other crimes is admissible to prove the crime charged when it tends to establish a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other or others."

This court followed the general rule in State v. Ebel, 92 Mont. 413, 15 P.2d 233, 236, and gave as the reason that evidence of other crimes tends "to draw away the minds of the jurors from the real point on which their verdict is sought, and to excite prejudice, and mislead them."

It followed the general rule in State v. Sauter, 125 Mont. 109, 232 P.2d 731; State v. Searle, 125 Mont. 467, 239 P.2d 995; State v. Hale, 126 Mont. 326, 249 P.2d 495, and State v. Simanton, 100 Mont. 292, 49 P.2d 981, and State v. Crowl, 135 Mont. 98, 337 P.2d 367.

It allowed evidence of other crimes when they constituted a part of the evidence showing commission of the act charged in State v. Phillips, 127 Mont. 381, 264 P.2d 1009.

This court recognized and applied the exception and allowed evidence of other offenses to show a system or general plan and to negative the idea that the particular act for which defendant was being tried was the result of accident, mistake or inadvertence in State v. Newman, 34 Mont. 434, 87 P. 462; State v. Cassill, 70 Mont. 433, 227 P. 49, and see State v. Knox, 119 Mont. 449, 175 P.2d 774, where the exception was recognized but not applied.

The result of these decisions is that each case must rest upon its own facts and circumstances as to whether the other crimes

have any tendency to show scheme, plan or design in committing the act charged.

Whether this case is ruled by an exception to the general rule need not be determined for before evidence of other crimes may be admitted for the limited purpose of showing scheme, plan, motive or intent there must be a similarity between the crimes. State v. Crowl, 135 Mont. 98, 337 P.2d 367, supra.

That similarity must be shown by the facts. Here, over objection of defendant, the witness Adams was permitted to testify that there was similarity between the Hudak transaction hereinafter described and the transaction charged in the information. This was error for the rule is that "neither an expert nor a nonexpert witness is permitted to state the legal result or effect of a transaction." State v. Cassill, 71 Mont. 274, 229 P. 716, 720.

It is no answer to say that the facts were also before the jury from which it could reach its own conclusion on the issue of similarity. We cannot say that the jury was not influenced by the conclusion stated by the witness.

The record shows by the testimony of Mrs. Walter J. Powers, that she received from the defendant the 1959 Chevrolet Impala automobile described in the alleged chattel mortgage. Mrs. Powers testified that defendant delivered the automobile to her in connection with another transaction between them in which she made a trade of her Neihart garage property as a part payment for the automobile. The proof shows that Mrs. Powers did not sign the alleged chattel mortgage.

As to the Hudak transaction, Richard A. Hudak testified that he found a car belonging to Ralph's Auto Sales that he liked and decided to try it out as he liked the looks of the outside; that he brought the car back the following afternoon for some adjustments and the defendant told him to park the car and leave it; that when he took the car out he signed a document which he thought was a customer's statement but

now knows it was a chattel mortgage. The Power's alleged chattel mortgage was not signed by her. Hudak admittedly signed his alleged chattel mortgage. Thus it appears from the record that the Hudak transaction differed from that of Mrs. Powers in important particulars.

For error in allowing the witness Adams to testify to the legal conclusion that the Hudak transaction was similar to the one charged in the information, the judgment must be reversed and the cause remanded for a new trial. It is so ordered.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE ADAIR and CASTLES concur.

MR. JUSTICE BOTTOMLY not participating.