STATE OF MONTANA, Plaintiff and Respondent, v.
DONALD W. TIEDEMANN, Defendant and Appellant.

No. 10190.
Submitted March 10, 1961. Decided June 9, 1961.
362 P.2d 529.

238

William A. Brolin, Anaconda, argued orally for appellant.

Forrest H. Anderson, Atty. Gen., Emmet T. Walsh, County Atty., Robert T. O'Leary, Asst. County Atty., Anaconda, Alfred Coate, Donald A. Douglas, Asst. Attys. Gen., for respondent. Donald A. Douglas argued orally.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

The defendant was charged with, tried and convicted of the offense of attempted rape, a felony, upon a female child under the age of eighteen years.

The defendant appeals from the judgment of conviction and from the order denying his motion for a new trial.

The State has filed a motion to dismiss the appeal and to strike the defendant's third specification of error on the grounds that the appeal was not taken within sixty days after the order denying the defendant's motion for a new trial, as required by R.C.M. 1947, § 94-8105, and that the defendant's third specification of error can be reviewed only on appeal from

an order denying a new trial, since it raises the question of the sufficiency of the evidence.

Section 94-8209, R.C.M. 1947, states:

"Upon an appeal taken by the defendant from a judgment, the court may review any intermediate order or ruling involving the merits, or which may have affected the judgment."

In considering certain applications of this statute a distinction must be made between the sufficiency of the evidence and a total failure of proof, the latter being a question of law.

In State v. Smart, 81 Mont. 145, 148, 149, 262 P. 158, 159, 160, the court, discussing R.C.M. 1921, § 12126 (now R.C.M. 1947, § 94-8209), stated:

"* * * errors in law alleged to have been committed during the trial may be by this court reviewed either on appeal from the judgment or from an order denying a motion for a new trial." The court then cites State v. Brantingham, 66 Mont. 1, 8, 9, 212 P. 499, 501, which said:

"* * * the question of the sufficiency of the evidence to justify the verdict, where the evidence tends even remotely to prove the elements of the crime charged, can be reviewed only on appeal from an order refusing a new trial." 24 C.J.S. Criminal Law § 1837, pp. 682-686.

The defendant contends in his third specification of error that there is no substantial evidence to support the verdict or judgment of conviction. But since this claim raises the question of sufficiency of the evidence rather than the question of total failure of proof and since the appeal was not taken within sixty days after the order denying the motion for a new trial, as required by statute, the motion of the State to strike the defendant's third specification of error is granted.

However, the remainder of the appeal is properly before this court since it was taken within six months after the rendition of the judgment of conviction, as prescribed by R.C.M. 1947, § 94-8105.

On the evening of December 31, 1959, the defendant and two other young men were in a public bar in Galen, Montana, in the company of three young women, one of whom was the prosecutrix. At that time the defendant was twenty-two years of age and the prosecutrix was sixteen years of age. Shortly after 1:30 A.M. on January 1, 1960, the defendant and the prosecutrix left the bar and began driving on a side road toward Anaconda. The defendant drove up a hill, encountered a dead end, and, while attempting to back the car down the hill, ran the left rear wheel off the road. The defendant instructed the prosecutrix to get into the back seat, and, after unsuccessfully trying to move the car, climbed into the back seat with the prosecutrix. The defendant then attempted to take liberties with the prosecutrix, but ceased his activities within a few minutes due to the struggling and pleading of the prosecutrix. The two walked back to Galen and waited until early morning when the defendant obtained assistance in getting the car back on the road. The defendant then drove the prosecutrix to her home in Anaconda. The parents of the prosecutrix were in a highly agitated state, and, at the insistence of the mother of the prosecutrix, the defendant went immediately to the police station, where he was taken into custody and charged with attempted rape.

On the afternoon of January 1, 1960, the county attorney took a statement from the defendant in the form of questions and answers. At the trial, over the objection of the defendant, the State offered in evidence the transcribed statement of the defendant. Thereafter, the court gave permission to the deputy county attorney to read the statement to the jury. It included the following question by the county attorney and answer by the defendant:

"Q. And I warned you specifically about going out with girls under eighteen, and I could have charged you with rape on that little tramp we sent over to Helena, right? A. Yes."

The defendant then made a motion for a mistrial, which was

denied, and a motion to have the question and answer stricken, which was granted. The defendant claims that the court erred in denying his motion for a mistrial.

The defendant contends that the statement was evidence tending to show the commission of a crime other than the one charged, and therefore that it was inadmissible and prejudicial.

The general rule is found in 44 Am.Jur., Rape, § 79, p. 948, where it is said: "The courts universally refuse to admit evidence of the commission of other and distinct crimes where such evidence is not otherwise relevant, and in the application of this rule it is well settled on a prosecution for rape that evidence of another rape or other sex crime committed at a different time and on or against another person, and having no connection with the crime charged, is not admissible. This has been held to be the rule applicable when the prosecution alleges a violation of the age of consent law, or statutory rape, as distinguished from the common-law offense. The prosecution may not show that the defendant has had sexual intercourse with other young females, or that he has committed other sex crimes and immoral acts." To the same effect see 22 C.J.S. Criminal Law § 682, pp. 1084, 1087, and 167 A.L.R., Evidence — Other Sexual Offenses, pp. 588-591.

This rule was followed in State v. Sauter, 125 Mont. 109, 111, 232 P.2d 731, 732, wherein the court cites People v. Whalen, 70 Cal.App.2d 142, 146, 160 P.2d 560, 562, a statutory rape case, in which the California court said:

"The authorities are unanimous in holding that a defendant's right to a fair trial in this sort of case is violated by the receipt of evidence of the commission of acts similar to those charged, with a person or persons other than the prosecutrix. People v. Asavis, 1937, 22 Cal.App.2d 492, 71 P.2d 307, and cases cited. The People insist that even if the evidence was improperly admitted, it was not prejudicial, for the reason that it did not establish the commission of a criminal offense. There are two good reasons why this position cannot be sus-

tained. A fair inference from the testimony of the daughter would be that defendant was guilty of acts of assault. But if this were not so the evidence was equally inadmissible. As stated in People v. Glass, 1910, 158 Cal. 650-655, 112 P. 281, 293, 'Not only is the prosecution thus forbidden to prove another crime, but the law does not sanction the introduction of evidence falling short of crime and designed merely to degrade and prejudice the defendant in the minds of the jury.' "

In Landon v. State, 77 Okl.Cr. 190, 193, 140 P.2d 242, 244, a statutory rape case, the court said: "The general rule is that when a defendant is put upon trial for one offense, he should be convicted, if at all, by evidence which shows that he is guilty of that offense alone; and evidence which in any manner shows, or tends to show, that he has committed another crime wholly independent, even though it be a crime of the same sort, is irrelevant and inadmissible." Williams v. State, 68 Okl.Cr. 348, 352, 98 P.2d 937, 939.

In State v. Baker, 60 Idaho 488, 489, 92 P.2d 133, a rape case, the court stated: "Since evidence of specific instances of sexual irregularities with women other than the prosecutrix may not be shown (State v. Larsen, 42 Idaho 517, 246 P. 313), evidence of his association with other women was inadmissible and prejudicial."

Proof that accused committed other crimes, even if they were of like nature to that charged, is not admissible to show his depravity or criminal propensities, or the resultant likelihood of his committing the offense charged; nor may such evidence be offered if it only tends to create a prejudice against accused in the minds of the jury. 22 C.J.S. Criminal Law § 682, pp. 1088, 1089.

The general rule should be strictly enforced in all cases where applicable, because of the prejudicial effect and injustice of such evidence, and should not be departed from except under conditions which clearly justify such a departure. The exceptions should be carefully limited, and their number

and scope not increased. 22 C.J.S. Criminal Law § 683, p. 1091.

The State contends that the defendant should not be heard to complain of prejudice since the defendant himself on direct examination testified as to the alleged prejudicial statements. Thus, the State claims that after the admission of the statements, the defendant, by interjecting remarks referring to or inferring his involvement in another criminal matter and by proclaiming his innocence in the matter, redirected the jury's attention to the statements now charged as prejudicial. The questions of defense counsel and answers of the defendant on direct examination concerning the questioning of the defendant in the county attorney's office are as follows:

"Q. * * * after you made the statement to Mr. Walsh, all the statements, what occurred if anything? A. Well, we went up there, and he started telling me about that he sent this tramp out of town, and everything else, to me, last night — last month, and all that.

"Q. And what did you say? A. Well, I says that I was innocent of that."

The general rule is stated in 89 C.J.S. Trial, § 661, p. 507, as follows: "A party does not ordinarily waive his objection to the erroneous admission of evidence by subsequently introducing evidence to disprove the matters testified to, to explain them or to prove facts inconsistent therewith, even though it is of the same kind or nature."

In State v. Rivers, 133 Mont. 129, 135, 320 P.2d 1004, 1007, the court, referring to defense counsel, stated: "His efforts to save the day for his client by explaining the matter in redirect is not waiver." And in Richardson v. Farmers Union Oil Company, 131 Mont. 535, 553, 312 P.2d 134, 144, the court held that the plaintiff was not precluded from urging error in the admission of a report merely because after his objection to its admission had been overruled he further questioned

a witness who had signed such report in order to show that it was hearsay and therefore inadmissible.

The court in Vogel v. Fisher, 203 Okl. 657, 659, 225 P.2d 346, 348, cites with approval Darling v. Franklin Fire Ins. Co. of Philadelphia, Pa.. 122 Kan. 620, 625, 253 P. 245, 248, in which the Kansas court stated:

"It is suggested by plaintiff that if there was error in the admission of the evidence, it was cured or waived by the fact that defendant subsequently offered evidence of a similar kind * * *.

"Objections were made when the opinions of witnesses were offered, and the court after consideration, overruled them and made that ruling the law of the case. It was a definite and final ruling to which the defendant was required to submit. It was obliged to try the case upon the theory announced by the court, and could not have the ruling reviewed until the trial ended and judgment was entered. The fact that defendant conformed to the ruling and offered testimony on the theory adopted by the court and which it was obliged to accept did not, we think, indicate a purpose to waive the error, * * *. In Teter v. Spooner, 279 Ill. 39, 116 N.E. 673, the matter of waiver was considered and it was held:

" 'After the court has overruled a defendant's objections to a certain class of evidence the defendant may introduce evidence of the same class to meet that of the plaintiff without waiving his right to urge his exceptions on appeal.' "

In Glennon v. Great Atlantic & Pacific Tea Company, R.I. 1958, 143 A.2d 282, 285, the court stated: "We subscribe to the proposition that where objection has been made to the introduction of evidence and an exception has been taken to an adverse ruling thereon, the subsequent introduction of evidence designed to contradict the evidence to which objection was made does not constitute a waiver of the exception." 3 Am.Jur., Appeal and Error, § 277, pp. 53, 54; Warren v. Marsh, 215 Minn. 615, 623, 11 N.W.2d 528, 532.

■ The error in the admission of the statement was prejudicial, was not waived by the defendant's introduction of evidence to meet that of the State, and was of such a nature that it could not be cured by striking the objectionable portion, nor by instructions to the jury that it was not to consider any remarks not supported by the evidence.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and CASTLES concur.