THE STATE OF MONTANA, Plaintiff and Respondent v. ROBERT GRANSBERRY, Defendant and Appellant.

No. 10249.

Submitted November 7, 1961. Decided January 11, 1962.

367 P.2d 766.

Robert T. Merrill (argued orally), Great Falls, for appellant.

John C. Hall (argued orally), J. Fred Bourdeau, Great Falls, Forrest H. Anderson, Atty. Gen., Louis Forsell, Deputy Atty. Gen., argued orally, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of conviction of the crime of grand larceny entered upon a jury verdict. No motion for a new trial was made in the court below.

The defendant was charged by information with the crime of grand larceny in the larceny of an automobile, together with five prior convictions of felonies. He plead not guilty to the charge and plead ''true'' to the charge of prior felonies. Trial was had before a jury.

The facts giving rise to the charge were that defendant and one Hillesheim, a ranch laborer from near Belt, were drinking together in various places in Great Falls on November 15, 1960. That evening the two of them parked Hillesheim's car behind the James Hotel and then went to defendant's room in the Great Falls Hotel to sleep.

When Hillesheim awoke the next morning the defendant and the keys to Hillesheim's car were gone. After a search around Great Falls, Hillesheim reported the car as stolen.

Defendant was apprehended in Anaconda, some 200 miles distant, on November 16 with the car in his possession. Testimony was introduced that defendant had been trying to sell the car both in Anaconda and Butte.

The defense consisted of testimony by the defendant that he had Hillesheim's permission to take the car.

Although defendant's brief does not conform to our rules in many respects, we shall endeavor to analyze what appear to be the specifications relied upon on this appeal. Although defendant made no motion for a new trial after the verdict and judgment, he argues in his brief that the verdict was contrary to the law and evidence. Such argument cannot be considered since it would have been grounds for a motion for a new trial. (See State v. Ritz, 65 Mont. 180, 211 P. 298; State v. English, 71 Mont. 343, 229 P. 727.)

Defendant states in his brief, "the principal question presented by the appeal in this regard is whether it was error to admit evidence of other allegedly similar offenses which was offered and received for the limited purpose of showing a pattern and design and the intent of the defendant in connection with the offense of which he is charged."

During the course of the cross-examination of the complaining witness Hillesheim, by defendant's counsel, information was elicited about another sale of an automobile on the same day as the charge here involved. Then later, the exchange cited as error is as follows, defendant's counsel being Mr. Merrill.

"Q. Which car did he sell? A. One that belonged to Bill Stringer.

"MR. HALL: Objection, calling for a conclusion of the witness.

"THE COURT: Objection overruled.

"Q. (By Mr. Merrill) That night, were you present when he sold the car? A. No.

"MR. MERRILL: I request that the answer be stricken and the Jury be instructed to pay no attention to it.

"THE COURT: Overruled."

■■ Now, on appeal counsel urges that the answer should have been stricken because it was hearsay. It comes too late on appeal. Also, it was in response to his own cross-examination, and he is not in position to complain. See State v. Wakely, 43 Mont. 427, 117 P. 95.

■ In the course of the cross-examination of the complaining witness, defendant's counsel brought out that the defendant used other names, aliases. The next State witness was one John Gress, the manager of the Great Falls Hotel who brought out that defendant signed the hotel register as Bob Evans on one occasion, then as Robert Sorenson on another occasion. Then the State brought out from the witness details concerning the sale of the other automobile brought out previously by de-

fendant's counsel on cross-examination of the complaining witness. The appellant specifies error as to that evidence, but no argument or authority is cited to support the allegations of error. Therefore we are not called upon to answer each contention.

In the course of the State's case, it was brought out by defendant's counsel on cross-examination of the complaining witness that the defendant was the same person who used many aliases. He signed the hotel register as Bob Evans and as Robert Sorenson. He signed other papers as Robert Sorenson, or as Woods. The defendant's specifications of error go to testimony or exhibits which attach, in the main, to the connection of defendant as a person to the various names used. All of the evidence, seemingly objected to, went to this proof but significantly did not amount to testimony of *similar offenses;* nor were the incidents put forth as offense*s at all.* The testimony was in its nature merely a connecting up of various names to the defendant' and evidence of prior sales of automobiles.

The defendant offered an instruction as follows:

"The jury are instructed evidence has been introduced in this case, with reference to a purported sale of an automobile allegedly sold by the defendant to the witness, William Stenger, and thereafter sold to a third party, by the defendant;

"The jury are instructed that such evidence is not evidence of the guilt or innocence of the defendant herein with reference to the crime with which he is charged in the Information herein, but that such evidence was admitted for the limited purpose of showing the propensity of the defendant to sell an automobile not the property of the defendant.

"THE COURT: No. 16?

"MR. HALL: We object that it is covered by our instructions that we are giving about 'purpose for which it

may be considered', State's Proposed Instruction 37-A. We object on the grounds it is covered.

"THE COURT: It will be given.

"GIVEN AS: Instruction No. 10."

We have endeavored to understand just what the appellant claims as error in this regard or how he was prejudiced thereby but being unable to do so find that the appellant has not sustained the burden of pointing out the error.

Next, defendant alleges error in giving or refusing certain instructions. Again we point out that appellant's brief does not comply with our rules by setting out the instructions complained of, or in most situations no proper objection was made.

■ However, to get to what appellant urges as the principal question attempted to be raised we shall examine the Court's instruction No. 9 even though no objection was raised. The Court instructed:

"Evidence was offered for the purpose of showing the defendant committed other alleged acts involving a fraudulent intent other than the one alleged against him in the Information and for which he is now on trial. Such evidence was received not to prove distinct offenses or continual criminality, but for limited purposes only.

"You may consider such evidence only for such bearing, if any, as it might have on the question whether or not the defendant had fraudulent intent in respect to the alleged Grand Larceny for which he is now on trial; for the purpose of corroboration, or for the purpose of establishing identity. You are not permitted to consider such evidence for any other purpose; as to that purpose for which you are permitted to consider such evidence, you will weigh the evidence as you do all other."

Appellant urges that this allowed evidence of other offenses to be considered by the jury. Then he cites State v. Merritt, 138 Mont. 546, 357 P.2d 683, and State v. Tiedemann, 139

Mont. 237, 362 P.2d 529, for the rule that evidence of other crimes is not admissible.

As previously remarked, defendant's counsel brought out the use of aliases by the defendant and the sale of another car on the same day as the offense charged. The State's witnesses testified that defendant not only took the complaining witnesses' car to Anaconda and Butte, but that he tried to sell it, having in his possession the title. The evidence, restricted by the court's Instruction No. 9 was admissible.

In State v. Merritt, supra, and State v. Tiedemann, supra, we recognize the exception to the general rule by stating in State v. Merritt:

"One exception to the general rule is where evidence of other crimes tends to establish a common scheme, plan or system and where such other crimes are similar to, closely connected with and not too remote from the one charged, and also where they are so related that proof of one tends to establish the other."

Assuming that the evidence complained of here did establish another offense, it was necessary to connect up the aliases used by defendant in this crime with the defendant and to explain the evidence elicited on cross-examination by the defendant's counsel. The court's Instruction No. 9 limited the use of the evidence even more than would have been required, thus appellant cannot complain.

We have examined the record carefully and find no reversible error. The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON and DOYLE concur.

MR. JUSTICE ADAIR:

I concur in the result but not in all that is said in the majority opinion herein.