THE STATE OF MONTANA, Plaintiff and Respondent, v.
DR. LELAND JENSEN, Defendant and Appellant.

No. 11610.
Submitted May 15, 1969.
Decided June 13, 1969.
Rehearing Denied June 30, 1969.
455 P.2d 63.

234

Tipp, Hoven && Brault, Vernon Hoven (argued), Missoula, for appellant.

Robert L. Woodahl, Atty. Gen., John C. Weingartner, Asst. Atty. Gen., (argued), Helena, Daniel J. Shea, Deputy County Atty. (argued), Missoula, for respondent.

MR. JUSTICE BONNER delivered the Opinion of the Court.

Dr. Leland Jensen was found guilty by a jury in the district court of Missoula county of committing a lewd and lascivious act upon a female under the age of sixteen. He was sentenced to twenty years at hard labor at the Montana state prison. He now appeals from that conviction.

The state in presenting its case at trial used unusual methodology some of which is alleged as error here. Before proving the *corpus delicti* the state called 12 witnesses, including two chiropractors. The thrust of their testimony was that Dr. Jensen took liberties with some of his female patients and these actions were not the proper practice of chiropractic medicine.

Following this, the prosecutrix testified as to appellant's actions on the date specified in the information, February 7, 1966. The following are examples of her testimony at the trial:

"Q. Did anything unusual happen while he was in the process of giving you treatment? A. Well, it was a treatment that he would put heat on me and left me, and when he came back he was helping me up off the table and he kissed me.

"Q. Where did he kiss you? A. On the lips.

\*   \*   \*   \*   \*   \*   \*   \*

"Q. Would you describe for the Court and jury, what treatment you had and what went on in room number 6, please? A. He adjusted my back and before he put his hands on my breasts and took hold of my hip.

"Q. Was his hand on top or under the gown? A. Under the gown.

\*   \*   \*   \*   \*   \*   \*   \*

"Q. Now, do you know at that time, whether or not you had your gown on or not? A. Yes, I had my gown on but not for very long.

"Q. Do you recall what happened at that time? A. Well, he took his hand and put it on my back and was massaging my back, and he untied my gown and it slipped down.

\*   \*   \*   \*   \*   \*   \*   \*

"Q. Down to the floor? A. Yes.

"Q. Now did anything happen at this time? A. Yes, he pulled me against him and started kissing my breast.

\*   \*   \*   \*   \*   \*   \*   \*

"Q. Now, did anything unusual happen in that room? A. Yes. The receptionist usually gave me the treatment and he told her to leave and he gave me the heat treatment. I don't know just what it was, and afterwards he had me stand in front of him, he sat down on a stool and he inserted his finger into my vaginal tract and moved it up and down.

"Q. Moved his fingers up and down? A. Yes."

At the time of the alleged act the prosecutrix was 15 years

old. At the time of the trial she was 18 and married. The preceding female witnesses testified to acts similar to those described above.

Appellant alleges several errors in the conduct of his trial: (1) that the judge's comments to the witnesses were prejudicial to the defendant; (2) that a remark of the county attorney was likewise prejudicial; (3) that the order of proof permitted was reversible error; (4) that the evidence is insufficient to sustain a conviction; and (5) that the testimony of the other women as to acts of the appellant, before and after the specific crime charged, was inadmissible. We will discuss these issues in the above order.

During the course of the trial the court on several occasions gave instructions to the witnesses and made other comments, some of which may have implied to the jury that the court felt the witnesses were telling the truth. We find no merit in appellant's argument on this issue. At no time did his counsel object to these comments. The leading case in Montana on comments by the court in State v. Dixson, 80 Mont. 181, 260 P. 138 (1927). In that case objection to the comment was made immediately and we see no reason why that should not have been done here. The general rule is that the lower court cannot be put in error with an issue raised for the first time on appeal. State v. Campbell, 146 Mont. 251, 405 P.2d 978 (1965).

The second alleged error is a comment by the county attorney. While the prosecuting witness was on the stand, defense counsel attempted to use the appellant and the prosecuting witness for a demonstration. The county attorney objected: "If the court please, I certainly don't want Dr. Jensen to put his hands on this witness again." Defense counsel asked that the jury be admonished to disregard the remark and the court did so admonish the jury. Appellant now argues that this and the court's comments denied him a fair trial by creating prejudice in the minds of the jury.

Disregarding for the moment our holding that the failure to object to the court's remarks control that issue, is the net result of these comments by the judge and the prosecutor an unfair trial? This was an unusual and a difficult case to try for all concerned. The court made its potentially erroneous comments when talking to each female witness prior to their testimony for the purpose of explaining court procedure and to put the witnesses (who were to speak concerning embarrassing personal matters) at ease. As to the prosecutor's remark, as heretofore pointed out, on appellant's motion the jury was admonished by the court to disregard the remark. The appellant has offered no cases of factual similarity indicating these remarks denied him a fair trial. As we have found no cases of such factual similarity, we hold, as to these matters, there is no basis for a reversal of the judgment.

*Third,* appellant argues that the order of proof was a denial of a fair trial. Section 95-1910, R.C.M.1947, sets the only statutory limitations on order of trial and section 95-1911, R.C.M.1947, permits departure from those limits at the discretion of the judge. State v. Allison, 122 Mont. 120, 199 P.2d 279, recognized that order of proof is within the sound discretion of the court. Appellant's basic contention is that the evidence of the women, other than the prosecuting witness, cannot be introduced before *corpus delicti* is proved. But, *corpus delicti* includes both proof of a crime and proof of the defendant's criminality. The state offered the evidence of the other women to show Dr. Jensen's intent; if it was admissible for that purpose it is then part of the *corpus delicti.* Even if it was a technical error to admit this testimony at this time, the error was cured by later putting the prosecuting witness on the stand and is therefore harmless.

Fourth, appellant argues that the evidence is insufficient to sustain the conviction. This argument is dependent upon a holding that the testimony of the other women was inadmissible.

Since our view is that it was admissible (see below) this argument is without merit.

The fifth and principal issue is the question of the admissibility of the testimony of the other women as to other acts or crimes of the appellant. Montana recognizes the general rule " 'that when a defendant is put upon trial for one offense, he should be convicted, if at all, by evidence which shows that he is guilty of that offense alone; and evidence which in any manner shows, or tends to show, that he has committed another crime wholly independent, even though it be a crime of the same sort, is irrelevant and inadmissible.' Williams v. State, 68 Okl.Cr. 348, 352, 98 P.2d 937, 939." State v. Tiedemann, 139 Mont. 237, 362 P.2d 529 (1961). The reason for this rule is— the defendant is entitled to be informed of the crime charged so as to prepare his defense and proof of other crimes subjects him to surprise and defense of multiple collateral or unrelated isues. State v. Nicks, 134 Mont. 341, 332 P.2d 904 (1958).

There are recognized exceptions to this general rule: similar acts with the same prosecuting witness, State v. Sauter, 125 Mont. 109, 232 P.2d 731 (1951); similar acts not too remote in time, State v. Nicks, supra; and "where the evidence of other crimes tends to establish a common scheme, plan or system and where such other crimes are similar to, closely connected with and not too remote from the one charged, and also where they are so that proof of one tends to establish the other." State v. Merritt, 138 Mont. 546, 357 P.2d 683 (1960); State v. Gransberry, 140 Mont. 70, 367 P.2d 766 (1962).

The appellant here was charged with a lewd and lascivious act on the person of a child under the age of 16 years. The statute involved, section 94-4106, R.C.M.1947, requires the specific intent, in the mind of the defendant, to arouse the sexual desire of himself or the child. Thus the testimony of the other women is relevant to the question of Dr. Jensen's intent at the time of the acts testified to by the prosecuting witness. It remains to be seen whether these other acts fit the test of the ex-

cepion to the general rule of exclusion outlined in State v. Merritt, supra. As we see it, the test has three elements: similarity of crimes or acts, nearness in time, and tendency to establish a common scheme, plan or system.

Appellant has argued that technically the crimes are different. He was charged with a lewd and lascivious act on a child under 16. There was no proof that any of the other women were under the age of 16, therefore those crimes, if any, could only be assaults. This age difference, in our view, is unimportant. The activities of Dr. Jensen are similar in each case and the difference in the statute violated is not relevant.

The other acts cover a period of time not more than 15 months prior to, or 2 years after, the crime charged in the information. We have previously disapproved of proof of other acts, as being too remote in time, where they were committed 3 years and 7 months prior to the crime charged. We hold that the acts in this case are not so remote that their relevancy is thereby diluted.

In this case the other acts proved show a continuous pattern of behavior on the part of the defendant for a period of over 3 years. The pattern during that period remained virtually the same. This is precisely what is meant by common scheme, plan or system. Thus this case falls within the exception recognized in State v. Merritt, supra, and the evidence of other acts was properly admitted. To the extent that State v. Searle, 125 Mont. 467, 239 P.2d 995 (1952) holds that evidence of other crimes is always incompetent, that holding is hereby specifically overruled.

Finding no error in the proceedings of the trial court, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, HASWELL and CASTLES concur.