MR. JUSTICES DALY and HASWELL
(dissenting) :
We dissent.
The majority opinion misconstrues and misapplies the doctrine which permits proof of a state of facts tending to show a uniform course of action recently pursued — a system or plan on the part of the accused, for the purpose of showing guilty knowledge or criminal intent, and to negate the idea that the particular act with respect to which the accused is charged was the result of accident, mistake or inadvertence.
There are no authorities cited that sustain the admission of evidence of prior offenses, alleged offenses, etc. over a period of 25 years to convict the defendant of “aggravated assault” resulting from an automobile collision while intoxicated. The evidence was a review of the defendant’s marital problems *31 which ended in divorce three years before the alleged crime involved here. The parties had not had any contact for three years prior to the action here.
The class of cases to which the rule may be applied are generally those cited by the majority. Newman, a forgery case with evidence taken of similar conduct very recent. Cassill, false statements to bank superintendent and by banker concerning financial condition of the bank, evidence taken of similar conduct for the same year. Hughes, branding animals not property of defendant and evidence taken of others branded about same time. Simanton, recognized the rule but reversed in horse stealing case, because the state failed to prove prima facie guilt of the other acts related, however close in time.
The case of State v. Jensen, 153 Mont. 233, 455 P.2d 631, quoted as principal authority by the majority is a sex case and should be distinguished. There is good law from respectable jurisdictions that clearly explains the additional latitude allowed in sex cases because of the continuing state of mind of a defendant so afflicted.
The Montana rule and correct application can be found in a discussion by Justice Angstman in State v. Knox, 119 Mont. 449, 175 P.2d 774, and again in State v. Merritt, 138 Mont. 546, 357 P.2d 683.
The case should be remanded for a new trial on the merits.