STATE, Respondent *v.* ENGLE, et al., Appellants.

No. 8963

Submitted May 5, 1950. Decided July 7, 1950.

220 Pac. (2d) 1015

Mr. Rockwood Brown, Mr. Horace S. Davis, Mr. Norman Hanson and Mr. William H. Bellingham, all of Billings, for appellants. Horace S. Davis argued orally.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Willis B. Jones, Mr. Philip O'Donnell, Mr. Harold L. Holt, Asst. Attys. Gen., Mr. Charles B. Sande, County Attorney, Mr. E. E. Collins, Deputy County Attorney, Billings, for respondent. Mr. Sande argued orally.

Mr. Thomas R. Marron, County Atty., Glasgow, Mr. Bert W. Kronmiller, County Atty., Hardin, Mr. Nat. A. Allen, County Atty., Ryegate, amici curiae.

PER CURIAM.

Ross Engle and John D. Gibb were convicted in the district court of Yellowstone county, Hon. Guy C. Derry, district judge, presiding, by a jury's verdict for unlawfully possessing eight coin-operated slot machines, and here appeal from the judgment of conviction.

The information filed August 22, 1949, charges: "That one Ross Engle and John D. Gibb, late of the County of Yellowstone, State of Montana, on or about the 20th day of August, A. D., 1949, at the county of Yellowstone and State of Montana, committed the crime of Possession of Gambling Implements, a Misdemeanor, in that the said Ross Engle and John D. Gibb, then and there being, did, then and there, wilfully, wrongfully and unlawfully have in their possession and under their control, and did keep in a certain building then and there under their management and control, and commonly known as the Silver Dollar Inn located at 2902 Minnesota Avenue, Billings, Montana, gambling implements, to-wit: eight slot machines, contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the State of Montana."

The law says: "Any person who has in his possession, or under his control, or who permits to be placed, maintained or kept in any room, space, enclosure or building, owned, leased or occupied by him, or under his management or control, any * * * slot machine * * * is punishable by a fine of not less than one hundred nor more than one thousand dollars, and may be

imprisoned for not less than three months nor more than one year in the discretion of the court; provided, however, that this section shall not apply to a public officer, or to a person coming into possession thereof in or by reason of the performance of an offiical duty and holding the same to be disposed of according to law." R. C. M. 1947, sec. 94-2404.

On April 1, 1907, the above statute went into effect as the law of this state and it has since continued as the law of Montana.

Under this law no one may lawfully possess any slot machine in this state other than "a public officer, or * * * a person coming into possession thereof in or by reason of the performance of an official duty and holding the same to be disposed of according to law." R. C. M. 1947, sec. 94-2404, supra.

Defendants had in their possession and under their control ▆ the eight slot machines. They were not nor do they claim to be public officers. They did not come into possession of the machines in or by reason of the performance of an official duty. They were not holding the machines "to be disposed of according to law." A jury found defendants guilty of the offense banned by the law. R. C. M. 1947, sec. 94-2404. The pleadings and the evidence are ample to sustain both the verdict and judgment of conviction herein.

Appellants rely upon Chapter 142, of the Session Laws of 1945, a *licensing* Act, to justify their possession of their battery of eight slot machines, contending that such licensing Act effected a repeal of the theretofore existing statutes banning the possession and operation of all slot machines licensed by the state board of equalization.

The keeping of slot machines is banned by the provisions of ▆ R. C. M. 1947, sections 94-2401 and 94-2404, as well as other provisions of our Codes not necessary to here consider. These laws have not been repealed by the provisions of Chapter 142, Laws of 1945, and the payment of a license fee to the

state board of equalization does not legalize the outlawed machines nor is it justification for the running, conducting, operating, maintaining, keeping or possessing of any of these banned one-armed bandits. See State ex rel Replogle v. Joyland Club, 124 Mont. 122, 220 Pac. (2d) 988; State v. Israel, 124 Mont. 152, 220 Pac. (2d) 1003.

We find no merit in any of the specifications urged and no prejudicial error in the record.

The clerk of this court will cause the eight slot machines and ▇ the coins therein contained to be returned to the trial court to be disposed of as is provided in R. C. M. 1947, sections 94-2411 and 94-2412, and in State ex rel. Replogle v. Joyland Club, supra.

The judgment is affirmed and remittitur to issue forthwith.

MR. JUSTICE FREEBOURN (dissenting):

The state of Montana, under authority of Chapter 142, Session Laws of Montana of 1945, having received the necessary license fee, issued a license permitting and authorizing the possession of such slot machines.

The possession of such slot machines cannot be unlawful or constitute a nuisance since section 57-104, R. C. M. 1947, sec. 8645, R. C. M. 1935, provides: "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance."

This is also the general law. See 46 C. J., Nuisances, sec. 40, p. 672, and 39 Am. Jur., Nuisances, sec. 204, p. 480.