STATE, Respondent, v. READ, Appellant.

No. 8959

Submitted May 5, 1950. Decided July 8, 1950.

220 Pac. (2d) 1020

Messrs. Greenan and Manion, Great Falls, for appellant. Mr. Howard T. Manion and Mr. Philip G. Greenan, Great Falls, argued orally.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Willis B. Jones, Mr. Philip O'Donnell, Mr. Harold L. Holt, Asst. Attys. Gen., Mr. Robert J. Nelson, County Atty., Great Falls, for respondent. Mr. Nelson argued orally.

Mr. Thomas R. Marron, County Atty., Glasgow, Mr. Nat. A. Allen, County Atty., Ryegate, Mr. Bert W. Kronmiller, County Atty., Hardin, amici curiae.

PER CURIAM.

Appeal by Harvey M. Read from a judgment of conviction, entered in the district court of Cascade county, Hon. J. W. Speer, district judge, presiding, for the crime of unlawfully setting up lotteries.

On and prior to May 19, 1949, Harvey M. Read, *individually*, ■ ran and conducted a tavern located south of the city limits of Great Falls, in Cascade county, Montana. In his tavern Read set up for operation three coin-operated slot machines. No state *license* had been issued for any of the machines nor do the

provisions of Chapter 142 of the Session Laws of 1945, nor those of any other statute or Act authorize the issuance of any slot machine *license* to the defendant Read or to any other *individual*.

Slot machines are banned by the laws of this state as gambling devices. R. C. M. 1947, sections 94-2401 and 94-2404. They are also banned as lotteries as the trial court correctly held. R. C. M. 1947, sections 94-3001, 94-3003 and 94-3011; State v. Marck, 124 Mont. 178, 220 Pac. (2d) 1017.

The facts and the law sustain the trial court's conclusions and judgment.

Accordingly the judgment is affirmed and remittitur ordered to issue forthwith.

MR. JUSTICE FREEBOURN dissented as in State v. Marck, 124 Mont. 178, 220 Pac. (2d) 1017.