No. 12266

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JOHNNIE WILSON,

Defendant and Appellant.

Appeal from: District Court of the Sixteenth Judicial District,
Honorable A. B. Martin, Judge presiding.

Counsel of Record:

For Appellant:

Joseph P. Hennessey argued, Billings, Montana.

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
J. C. Weingartner, Deputy Attorney General, argued,
Helena, Montana.
William J. Krutzfeldt, County Attorney, Miles City,
Montana.

Submitted: October 17, 1972

Decided: **NOV 2 4 1972**

Filed: **NOV 2 4 1972**

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court of the sixteenth judicial district, Custer County, Hon. A.B. Martin, sitting without a jury. Defendant was found guilty of possession of gambling implements and sentenced to imprisonment in the Custer County jail for a term of three months with the provision that upon payment of a fine in the amount of $750, the term of imprisonment would be suspended.

Defendant is the owner-operator of the Western Vending Depot in Miles City, Montana. This business consists of distributing and maintaining coin operated machines, including pool tables and jukeboxes. On May 4, 1971, defendant's warehouse was raided by the Federal Bureau of Investigation. The raid yielded an extensive supply of gambling devices and apparatus including "slot machines", "uprights", "punchboards", "pull tabs", and miscellaneous components, all of which are described in the inventory of articles seized.

Following the filing of charges in the federal district court in Billings, which are still pending, the federal authorities turned certain items of the gambling equipment over to the state authorities. On November 18, 1971, an Information was filed in the state district court charging defendant with possession of gambling apparatus in violation of section 94-2404, R.C.M. 1947. On the same day, defendant filed a motion to quash the Information. Hearing was held on December 21, 1971, and the motion denied.

Defendant waived his right to trial by jury and thereafter, on March 23, 1972, defendant, his counsel, and the county attorney of Custer County filed a stipulation with the district court in which defendant admitted his personal possession of the gambling equipment seized at his warehouse. After hearing testimony from defendant, the district court found his guilty.

Defendant presents two issues for this Court's review:

1.  Whether the court properly denied defendant's motion to quash and erred in finding defendant guilty of violating the provisions of section 94-2404, R.C.M. 1947?

2.  Whether defendant can ask this Court for a declaratory judgment to determine if the "Bonanza Machine" is a gambling device?

Defendant maintains he was in sole possession of the seized gambling devices but, since he only repairs and maintains these devices and does not distribute them in Montana, his possession was lawful.  Defendant states he is registered with the Attorney General of the United States and that he repairs and sells gaming machines to out-of-state gambling operations, chiefly Nevada gaming clubs.  He argues there was no showing the machines were to be used in violation of the laws of Montana and specifically section 94-2404, R.C.M. 1947, which states:

> "Possession of gambling implements prohibited.  Any person who has in his possession, or under his control, or who permits to be placed, maintained or kept in any room, space, inclosure or building, owned, leased or occupied by him, or under his management or control, any faro box, faro layout, roulette wheel, roulette table, crap table, slot machine, or any machine or apparatus of the kind mentioned in the preceding section of this act, is punishable by a fine of not less than one hundred nor more than one thousand dollars, and may be imprisoned for not less than three months nor more than one year in the discretion of the court; provided, however, that this section shall not apply to a public officer, or to a person coming into possession thereof in or by reason of the performance of an official duty, and holding the same to be disposed of according to law."

Defendant argues that possession for use constitutes the violation of the law, as distinct from possession alone, which defendant had in openly rebuilding and manufacturing gaming devices for shipment to the state of Nevada, where they are legal.

This Court has held on many occasions, under section 94-2404, R.C.M. 1947, that mere possession of gambling equipment is illegal. We note here that section 94-2401, R.C.M. 1947, prohibits using gambling equipment; section 94-2404 prohibits possession of gambling equipment.

In State v. Joyland Club, 124 Mont. 122, 134, 220 P.2d 988, this Court noted the distinction between section 94-2401 and section 94-2404:

"In 1907 the legislature enacted Chapter 115, Session Laws of 1907, section 1 [now 94-2401] whereof provides that any person who 'runs or conducts, or keeps any slot machine, or other similar machine, or permits same to be run or conducted, for money, checks, credits, or any representative of value, or for any property or thing whatever,' is punishable by fine or imprisonment as therein prescribed. Section 2 of the 1907 Act [now 94-2404] additionally and separately prescribes punishment for 'Any person who has in his possession, or under his control, or who permits to be placed, maintained or kept in any room, space, enclosure or building, owned, leased or occupied by him, or under his management or control, any * * * slot machine * * *.' Section 7 of the 1907 Act provides that any article, machine or apparatus maintained or kept in violation of any of the provisions of the Act is a public nuisance.

"It is apparent from the provisions of section 1 of the 1907 Act that the legislature intended to and that it made it the running or conducting of any slot machine or similar device a separate offense, as distinguished from the mere possession or maintenance of such machines or similar devices. Section 2 of the Act prescribed punishment for any person who has possession, control or who maintains the outlawed devices, including slot machines. Here the legislature dealt with two distinct offenses: One, the operation of the machines and devices described in section 1, and the other, the possession and maintenance of the machines and devices described in section 2. See sections 8416 to 8436, R.C.M. 1907, inclusive." (Emphasis theirs).

This Court reach the same result in State v. Israel, 124 Mont. 152, 161, 220 P.2d 1003.

In State v. Engle, 124 Mont. 175, 177, 220 P.2d 1015, affirming the conviction of illegally possessing gambling equipment in violation of section 94-2404, we said:

"Under this law no one may lawfully possess any slot machine in this state other than 'a public officer, or * ** a person coming into possession thereof in or by reason of the performance of an official duty and holding the same to be disposed of according to law.'"

In State v. Crown Cigar Store, 124 Mont. 310, 316, 220 P.2d 1029, this Court held, in interpreting section 94-2404, R.C.M. 1947, that it is unlawful to possess any type of gambling equipment unless the person is a public officer. See also State v. Read, 124 Mont. 184, 220 P.2d 1020.

Accordingly, we find defendant's issue 1 to be without merit.

- 4 -

Defendant's issue 2 seeks a declaratory judgment to determine if the "Bonanza Machine" is a gambling device. We note the district court specifically ignored the same question at the hearing on defendant's motion to quash; for the same reason, to-wit: "Because no charge of possession of Bonanza machines was made.", we decline to discuss the issue.

However, we note in regard to defendant's request for a civil remedy in a criminal proceeding, that in Goff v. State, 141 Mont. 605, 374 P.2d 862, where the petitioner sought to invoke the Uniform Declaratory Judgments Act, sections 93-8901 through 93-8916, R.C.M. 1947, this Court held that Act could not be applied in a criminal action.

Finding no error the judgment of the district court is affirmed.

_____
/ Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.

- 5 -