No. 12551

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

ROYAL TURLEY,

Defendant and Appellant.

---

Appeal from: District Court of the Eighteenth Judicial District, Honorable W. W. Lessley Judge presiding.

Counsel of Record:

For Appellant:

Robert L. Stephens argued, Billings, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena, Montana
J. C. Weingartner, Deputy Attorney General, appeared, Helena, Montana
Thomas A. Olsen, County Attorney, argued, Bozeman, Montana

---

Submitted: March 19, 1974

Decided: APR 16 1974

Filed: APR 16 1974

Thomas J. Kearney
Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

This is an appeal from a conviction on a charge of disturbing the peace, in violation of section 94-3560, R.C.M. 1947.

The factual situation stems from an incident occurring at the Three Forks Airport, Gallatin County, on the evening of May 31, 1972. It appears that appellant maintains a hangar at the airport and on the evening of May 31, 1972, he and his wife were at the hangar, unloading various items from their car to put in the hangar and cleaning out the airplane. William Fairhurst, manager of the airport, had come to the airport to set the timer clock for the airport beacon. After doing so, he drove his car next to the Turley automobile. Turley was standing next to the automobile with a holstered pistol in his hands. At this point appellant's and Fairhurst's versions of what happened next are in conflict.

Appellant's version is that he had removed the pistol, still holstered, from the plane preparatory to putting it in his car. He was at the rear of his automobile when he noticed Fairhurst approaching at a high rate of speed, and it appearing to him that Fairhurst was going to pass by very close to his automobile he waited for Fairhurst to pass. Instead of passing however, Fairhurst pulled to a stop and asked appellant, "What are you doing with that gun?", to which appellant replied, "I don't believe I have to answer that question". At that, Fairhurst began to use abusive language and after a couple of pungent remarks, drove off. According to appellant, he never slapped his pistol against his legs nor was he agitated. Mrs. Turley, who had remained in the car with the windows up, testified that Turley did not unholster the pistol and that she heard loud talk from Fairhurst, but not from Turley.

In opposition to this version, Fairhurst said that while

he was on the way to the beacon initially, he had noticed Turley standing in the hangar slapping what appeared to be a pistol against his leg in an agitated manner. After concluding his work at the beacon, he drove up to the Turley car and stopped, but did not get out of the car. He asked Turley in a joking manner, "Well, Turley, who are you going to shoot down?" Whereupon appellant took the pistol from the holster, pointed it at Fairhurst, and said, "I will shoot you if you get out of that automobile". Fairhurst testified that appellant was serious and that he could see shells in the cylinder of the pistol. According to Fairhurst, immediately after this threat, he put the car in gear, started to leave, and looking in the rearview mirror, he could see appellant running after the car spitting at it.

Appellant was charged with the crime of disturbing the peace, in violation of section 94-3560, R.C.M. 1947. After trial in justice court where he was convicted he appealed to the district court, where after a trial with a jury he was again convicted. He appeals that conviction and the denial of his motion for a new trial.

Turley cites several issues for our review which we will combine for our discussion.

1. Whether the State submitted sufficient evidence to warrant a conviction under the statute with which he was charged?

As another issue, Turley presents the question of whether the activity of Turley constituted a crime under the instructions to the jury, however the jury instructions referred to, principally jury instruction No. 1, merely relates the terms of the statute involved to the jury, hence any discussion of the first issue also answers this question.

The statute in question, section 94-3560, R.C.M. 1947, reads in part:

"Every person who willfully and maliciously disturbs the peace of any neighborhood or person by loud or unusual noise, or by tumultuous or offensive conduct, or threatening, traducing, quarreling, challenging to fight or fighting
* * *."

The thrust of appellant's argument on this issue seems to be that the State failed to deny, or contradict appellant's version of the incident. Therefore the appellant reasons, his version is true and the verdict and judgment must be reversed. We do not agree.

The State's evidence shows that appellant was slapping his pistol against his leg in an agitated manner; he unholstered the weapon and pointed it at Fairhurst; he threatened to shoot him; and he spat at Fairhurst's departing automobile. Suffice it to say that if this version is true, and it is evident that the jury thought so, the conduct falls within the terms of the statute and is sufficient to convict. It is for the jury to determine factual issues, and they are free to believe or disbelieve witnesses as they choose. State v. Medicine Bull, Jr., 152 Mont. 34, 445 P.2d 916; State v. Warrick, 152 Mont. 94, 446 P.2d 916; State v. Hoskins, _____Mont._____, 514 P.2d 1331, 30 St.Rep. 889. It is evident the jury chose to believe Fairhurst and to disbelieve the Turleys. There being sufficient credible evidence to support their belief, we will not disturb their verdict. State v. Bouldin, 153 Mont. 276, 456 P.2d 830; State v. Hoskins, supra. The State need only make its prima facie case; should the jury believe it, that is sufficient.

As a second point under this issue, appellant challenges the evidence of prior occasions of public disturbance in which appellant was a participant. As to this the State correctly points out that such evidence was brought out on direct examination of appellant by appellant's own counsel. Having done so, he cannot now complain. State v. Henrich, 159 Mont. 365, 498 P.2d 124; State v. Meidinger, 160 Mont. 310, 502 P.2d 58, 29 St.Rep. 861.

- 4 -

2. Whether it was error for the district court to deny appellant's motions for a directed verdict and a new trial?

As to the denial of the motions for a directed verdict, the applicable rules in this situation were recently reaffirmed by this Court in State v. Stewart, 161 Mont. 501, 507 P.2d 1050, 1053, 30 St.Rep. 325:

> "The rule with regard to the granting of motions for directed verdicts was stated by this Court in State v. Yoss, 146 Mont. 508, 514, 409 P.2d 452, 455:
>
> "'A directed verdict in a criminal case in this jurisdiction is given only where the State fails to prove its case and there is no evidence upon which a jury could base its verdict.'
>
> "In considering whether the district court erred in refusing to grant the defendant's motion for a directed verdict the evidence must be viewed in a light most favorable to the prosecution. State v. Peschon, 131 Mont. 330, 310 P.2d 591."

Since the evidence, viewed most favorably to the prosecution, does make a prima facie case, it follows that the district court was correct in denying the motions for a directed verdict.

The motion for a new trial lists five grounds as basis. Four of them have been answered by the discussion thus far and are without merit. The remaining ground will be discussed below.

3. Whether it was error for the district court, at the time of sentencing, to refuse to consider evidence of a voluntary polygraph examination of appellant taken after the verdict but prior to sentencing?

Appellant voluntarily submitted himself to a polygraph examination after the trial but prior to sentencing. At that time his counsel moved the district court to enter a deferred imposition of sentence and offered the results of the polygraph examination in support.

We have read the conclusions of the examiner and note that the test was opinion testimony designed to determine appellant's

truthfulness as to his version of the incident. The district court ordered and had before it at the time of sentencing the results of a presentence investigation even though such was not required under section 95-2203, R.C.M. 1947. Furthermore, the district court heard testimony of the appellant designed to assure the court of his future good behavior. In our view the district court leaned over backward to assure itself that it had adequate facts upon which to base a fair sentence. There is no merit in this contention.

Judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices