No. 12979

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

_____

THE STATE OF MONTANA,

                    Plaintiff and Respondent,

    -vs-

ARTHUR HEINE,

                    Defendant and Appellant.

_____

Appeal from:  District Court of the Thirteenth Judicial District,
              Honorable Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellant:

        John L. Adams, Jr. argued, Billings, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana
        Charles E. Erdman, Assistant Attorney General, argued,
        Helena, Montana
        Harold F. Hanser, County Attorney, argued, Billings,
        Montana

_____

                            Submitted:  November 7, 1975

                            Decided: JAN 6 1976

Filed: JAN 6 1976

_Thomas J. Kearney_
                                           Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Arthur Heine was convicted by a Yellowstone County jury of "driving a vehicle while under the influence of intoxicating liquor," section 32-2142, R.C.M. 1947, and of "aggravated assault," section 94-5-202, R.C.M. He was specifically accused by Information of deliberately causing a head-on collision with another vehicle in which his ex-wife, son, daughter-in-law, and three week old grandchild were riding.

At trial, defendant attempted to convince the jury the collision was only an accident, and that his intoxicated condition obviated any possibility the act was committed with any degree of deliberateness. In response to this contention, the prosecuting attorney offered evidence which tended to refute defendant's claim. Over his objection, defendant's ex-wife was allowed to testify concerning several events, all taking place within three years of the assault for which he has been convicted. This testimony established that defendant once tried to ram his ex-wife's car broadside with his own; that he had twice driven his car through her garage door without first bothering to open it; and, that he once successfully attacked and stabbed her with a knife.

Additionally, several character witnesses were called to testify in defendant's behalf, concerning his reputation for peace and quiet in the community. The prosecuting attorney was then allowed to cross-examine these witnesses through the introduction of defendant's police record dating back to 1948. This record contained references to a number of prior arrests on charges ranging from disorderly conduct to destruction of property.

On appeal, it is first contended the district court erred in admitting evidence of other offenses, and specifically the assault committed by defendant upon his ex-wife.

It is the rule that evidence of other offenses or similar

- 2 -

acts perpetrated at other times are inadmissible for the purpose of showing the commission of the particular crime charged. State v. Taylor, 163 Mont. 106, 121, 515 P.2d 695. However, under a well-established exception, such evidence is not excluded when offered to prove that the act charged was not the result of accident or inadvertence, if that matter is at issue in the trial. State v. Newman, 34 Mont. 434, 440, 87 P. 462; State v. Cassill, 70 Mont. 433, 227 P. 49; State v. Hughes, 76 Mont. 421, 246 P.2d 959; State v. Simanton, 100 Mont. 292, 49 P.2d 981.

In State v. Jensen, 153 Mont. 233, 455 P.2d 631, this Court established three criteria which determine exactly what type of evidence can be lawfully admitted under this exception. Thus evidence of prior offenses or acts is admissible if such prior offenses are in some degree similar to the acts charged, are not too remote in time, and tend to establish a common scheme, plan or system.

We apply this test to the ruling of the district court and find no error. Certainly all the prior acts and offenses testified to were in the nature of, or similar to, assaults on defendant's ex-wife. They all took place within three years of the crime charged which, under our holding in Jensen, is not too remote. Defendant himself placed the matter in issue through his attempts to show that the event was merely an accident. We note the cautionary Instruction No. 18 given by the trial judge:

> "You are instructed that evidence of other offenses is to be viewed by you with caution and that such evidence is admitted for the sole purpose of permitting you to determine whether the acts alleged as constituting aggravated assault were done purposely or knowingly rather than through mistake or accident."

The admission of this testimony was within the recognized exception, and provides no grounds for reversal.

Second, defendant claims the district court erred by receiving evidence of certain specific acts and prior arrests

as shown by his police record which was ultimately admitted as an exhibit. This testimony was introduced by the prosecutor for the purpose of impeaching defendant's character witnesses on cross-examination.

When the accused calls a witness to support his generally good reputation in the community, he opens the door to all legitimate cross-examination of that witness and must therefore accept the consequences which result. State v. Moorman, 133 Mont. 148, 153, 321 P.2d 236; State v. Cor, 144 Mont. 323, 396 P.2d 86, State v. Turley, 164 Mont. 231, 521 P.2d 690. The purpose of this rule was well stated by Chief Justice Brantly in State v. Jones, 48 Mont. 505, 516, 139 P. 441:

> "As the favorable testimony tends to sustain the presumption of innocence which the law indulges in favor of the defendant, by introducing it the defendant tenders an issue of fact, viz., whether his reputation is such as the witnesses say it is, and the prosecution has the right to cross-examine the witnesses to ascertain the sufficiency of the grounds upon which they base their statements."

We note that here the impeachment data introduced dated back to 1948, some twenty-five years prior to the charges upon which defendant was ultimately convicted. In such a situation the potential for prejudice becomes great unless some mitigating factors are shown to exist. As this Court stated in State v. Sedlacek, 74 Mont. 201, 214, 239 P. 1002, the accused's entire life should not be searched in an effort to convict him. However, we are satisfied that defendant suffered no prejudice under these circumstances, where the majority of the offenses introduced for impeachment purposes were not remote. The prosecution had a legal right to determine by cross-examination whether the testimony of defendant's character witnesses had any foundation in fact, and we find that right to have been properly exercised.

Defendant's final allegation of error involves a challenge to the jurisdiction of the district court regarding the charge of

"driving a vehicle while under the influence of intoxicating liquor". Upon conviction for this offense, defendant was sentenced to an additional year in the state penitentiary, to run concurrently with his fifteen year sentence for the assault charge.

Generally, Montana's district courts have jurisdiction over all criminal cases amounting to a felony and in all cases of misdemeanor not otherwise provided for, Article VII, Section 4, 1972 Montana Constitution; Section 93-318, R.C.M. 1947. Under section 95-302, R.C.M./ 1947 justice courts may assume jurisdiction over all misdemeanors punishable, inter alia, by a term of imprisonment not exceeding six months. The justice courts normally handle the bulk of cases involving driving while intoxicated offenses. But when an individaul is convicted on such a charge for the third time, the maximum sentence may be increased to the term of one year, and the district courts become vested with jurisdiction over the matter. Section 32-2142(d), R.C.M. 1947.

Defendant seems to ground his jurisdictional challenge on the premise that evidence of the prior driving while intoxicated convictions was inadmissible since there was no showing that defendant was represented by counsel when he pled guilty to them. This specific argument was not presented to the district court on the motion to dismiss and it cannot be raised here for the first time on appeal. State v. Wilson, 160 Mont. 473, 477, 503 P.2d 522; State v. White, 153 Mont. 193, 197, 456 P.2d 54; State v. Campbell, 146 Mont. 251, 267, 405 P.2d 978.

Judgment of the district court is affirmed.

_____
Justice

- 5 -

We concur:

_____
      Chief Justice

_____
      Justice

Mr. Justice Gene B. Daly and Mr. Justice Frank I. Haswell
dissenting:

      We dissent.

      The majority opinion misconstrues and misapplies the
doctrine which permits proof of a state of facts tending to show
a uniform course of action recently pursued--a system or plan
on the part of the accused, for the purpose of showing guilty
knowledge or criminal intent, and to negate the idea that the
particular act with respect to which the accused is charged was
the result of accident, mistake or inadvertence.

      There are no authorities cited that sustain the admission
of evidence of prior offenses, alleged offenses, etc. over a period
of 25 years to convict the defendant of "aggravated assault" re-
sulting from an automobile collision while intoxicated.  The evi-
dence was a review of the defendant's marital problems which ended
in divorce three years before the alleged crime involved here.
The parties had not had any contact for three years prior to the
action here.

      The class of cases to which the rule may be applied are
generally those cited by the majority.  Newman, a forgery case
with evidence taken of similar conduct very recent.  Cassill,
false statements to bank superintendent and by banker concerning
financial condition of the bank, evidence taken of similar con-
duct for the same year.  Hughes, branding animals not

- 6 -

property of defendant and evidence taken of others branded about same time. <u>Simanton</u>, recognized the rule but reversed in horse stealing case, because the state failed to prove prima facie guilt of the other acts related, however close in time.

The case of State v. Jensen, 153 Mont. 233, 455 P.2d 631, quoted as principal authority by the majority is a sex case and should be distinguished. There is good law from respectable jurisdictions that clearly explains the additional latitude allowed in sex cases because of the continuing state of mind of a defendant so afflicted.

The Montana rule and correct application can be found in a discussion by Justice Angstman in State v. Knox, 119 Mont. 449, 175 P.2d 774, and again in State v. Merritt, 138 Mont. 546, 357 P.2d 683.

The case should be remanded for a new trial on the merits.

_____

_____
Justices

- 7 -

Mr. Justice Wesley Castles specially concurring:

I concur in the opinion of Justice John Conway Harrison.

I do choose to respond briefly to the dissenting opinion. There it is stated that, "The parties had not had any contact for three years prior to the action here." This is simply not so. The facts recited in the majority opinion are correct. Between June of 1971 and June of 1972, the defendant crashed his car through his ex-wife's garage doors on two occasions and on another occasion assaulted her with a knife at the office where she worked. These incidents were testified to to show the knowing purpose of defendant and to negate mistake and accident, and the jury was instructed as to this. Also the evidence showed that even after the divorce in 1971 defendant lived at his ex-wife's home until June, 1972.

Separate from these acts, the matter of the defendant's character and reputation for peace and quiet in the community was brought on by defendant's character witnesses. It was only on cross-examination that inquiry was made into the past events. This is proper. See State v. Simtob, (Mont. 1975), 32 St.Rep. 1286, and cases cited therein.

_____
Wesley Castles
Justice