No. 85-615

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

STATE OF MONTANA,

           Plaintiff and Appellant,

      -vs-

MICHAEL KEVIN GEE,

           Defendant and Respondent.

_____

APPEAL FROM:  District Court of the Eighteenth Judicial District,
              In and for the County of Gallatin,
              The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

              Hon. Mike Greely, Attorney General, Helena, Montana
              A. Michael Salvagni, County Attorney, Bozeman, Montana
              Marty Lambert, Deputy County Attorney, Bozeman

      For Respondent:

              Bolinger & Foster; K. Robert Foster, Bozeman, Montana

_____

                              Submitted on Briefs: June 24, 1986

                                  Decided:  August 11, 1986

Filed:    AUG 11 1986

_____
                  Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The State appeals from the order of the Gallatin County District Court granting Gee's motion to dismiss for lack of jurisdiction.

We affirm.

The issue on appeal is whether the District Court erred in granting Gee's motion to dismiss the charge against him of driving under the influence of alcohol, third offense, for lack of jurisdiction because he had only one prior DUI conviction as an adult.

On March 7, 1981, Gee was charged with DUI in Gallatin County Justice Court. He pled guilty. Gee was 16 years old at the time. On May 9, 1982, Gee was charged with DUI in Bozeman City Court. He again pled guilty. He was 18 years old at that time. On December 19, 1984, Gee was arrested for DUI. An information was filed with the District Court charging Gee with driving under the influence of alcohol, third offense.

The District Court granted Gee's motion to dismiss the information. The court based its order upon the language of § 61-12-601, MCA. That statute states:

> (1) The district courts and the justices' courts of the state and the municipal and city courts of cities and towns shall have concurrent original jurisdiction in all proceedings concerning the unlawful operation of motor vehicles by children under the age of 18 years.
>
> (2) Whenever, after a hearing before the court, it shall be found that a child under the age of 18 years has unlawfully operated a motor vehicle, the court may:
>
> (a) impose a fine, not exceeding $50, provided such child shall not be imprisoned for failure to pay such fine;

(b)   revoke the driver's license of such child, or suspend the same for such time as may be fixed by the court; and

(c)   order any motor vehicle owned or operated by such child to be impounded by the probation officer for such time, not exceeding 60 days, as shall be fixed by the court.  However, if the court shall find that the operation of such motor vehicle was without the consent of the owner, then such vehicle shall not be impounded.

In its order, the District Court stated:

Under Montana law a minor who commits a vehicular offense, including the offense of DUI, is found to be guilty of unlawful operation of motor vehicles under § 61-12-601, MCA.  The minor is not found to be guilty of the principle offense charged.

Since Gee's first offense was a violation of § 61-12-601, MCA, the court found that Gee had only one prior conviction as an adult under § 61-8-401, MCA.  Therefore, Gee's current charge is DUI, second offense.  The District Court lacks jurisdiction to hear a charge of DUI, second offense.  State v. Heine (1976), 169 Mont. 25, 544 P.2d 1212. So the court granted Gee's motion to dismiss.

The State makes two main arguments on appeal.  First, that § 61-12-601, MCA, is unconstitutionally vague as a criminal statute because it does not establish a crime, but merely provides the forum where other traffic crimes found in the Montana Code Annotated shall be prosecuted if a juvenile driver is involved, and the penalties that the court may impose.  We disagree.  The statute is not unconstitutionally vague for failure to adequately describe prohibited conduct. To determine what conduct is prohibited one must simply look to the principal traffic offense charged.  That does not make the statute unconstitutionally vague.  The Montana Youth Court Act, § 41-5-101, et seq., MCA, is similar.  A delinquent youth is defined at § 41-5-103(12), MCA, as a youth:

- 3 -

(a) who has committed an offense which, if committed by an adult, would constitute a criminal offense.

If a juvenile is charged with burglary, he is not found guilty of the offense charged, but is found to be a delinquent youth. In order to determine whether a juvenile is a delinquent youth or a youth in need of supervision, it is necessary to refer to an underlying criminal statute. That does not make the Youth Court Act unconstitutional.

Similarly, § 61-12-601, MCA, establishes the offense of unlawful operation of a motor vehicle by a minor. That statute establishes the jurisdiction of the courts and the penalties which can be imposed. The statute is not deficient merely because one must look to other statutes to determine whether the minor has unlawfully operated a motor vehicle. Section 61-12-601, MCA, is not unconstitutional.

The State's second argument is that the District Court's dismissal violates the policy of the Montana habitual traffic offender laws, §§ 61-11-201, et seq., MCA. Section 61-11-201, MCA, states:

This part is predicated upon the belief and philosophy that innocent drivers and other innocent passengers and pedestrians have a constitutional right to live, free from fear of death or injury from habitual traffic offenders. Further, it is the purpose of this part to reduce the number of motor vehicle accidents in this state and to provide greater safety to the motoring public and others by denying to the habitual traffic offenders the privilege of operating a motor vehicle upon the public streets and highways of this state.

The State argues that this statute makes no distinction between juvenile and adult drivers, and making such a distinction would frustrate the purpose of the habitual traffic offender laws. The habitual traffic offender laws provide for the accumulation of points upon conviction for traffic offenses. A conviction for driving under the

- 4 -

influence of alcohol is 10 points. Section 61-11-203(2)(d), MCA. A conviction for unlawful operation of a motor vehicle by a minor results in the accumulation of only 2 points. Section 61-11-203(2)(L), MCA. An accumulation of 30 points results in revocation of the offender's license for 3 years. Section 61-11-211, MCA. Thus, concludes the State, allowing a juvenile to be found guilty under § 61-12-601, MCA, resulting in the accumulation of only 2 points violates the purpose of the habitual traffic offender law.

We do not agree. The purpose expressed in § 61-11-201, MCA, can be accomplished under the penalty provisions of § 61-12-601(2)(b), MCA. Under that statute, the court may "revoke the driver's license of such child, or suspend the same for such time as may be fixed by the court." Under § 61-12-601, MCA, the minor's driver's license can be revoked or suspended prior to the accumulation of 30 points.

Further, § 61-12-601, MCA, does not contain the mandatory jail provisions applicable to adults convicted under § 61-8-401, MCA. The absence of incarceration is consistent with the philosophy expressed throughout Montana law to attempt to rehabilitate youthful offenders, not punish them. Under § 61-12-601(2)(a), MCA, the court has the power to "impose a fine, not to exceed $50, provided such child shall not be imprisoned for failure to pay such fine." (Emphasis added.) One purpose of the Youth Court Act declared in § 41-5-102(2), MCA, is:

> (2) to remove from youth committing violations of the law the element of retribution and to substitute therefor a program of supervision, care, rehabilitation, and, in appropriate cases, restitution as ordered by the youth court.

The legislature is attempting to treat youthful offenders differently than adult offenders. A conviction under §

- 5 -

61-8-401, MCA, as urged by the State, would result in jail time for the youth. This conflicts with the emphasis placed by the legislature on rehabilitation as opposed to retribution when youthful offenders are involved.

We agree with the interpretation of the District Court that a minor who commits a vehicular offense is guilty of unlawful operation of a motor vehicle under § 61-12-601, MCA. That stautute is not unconstitutionally vague because one must refer to other vehicular offense statutes to determine whether the minor engaged in unlawful operation of a motor vehicle. Further, finding that a youth has violated § 61-12-601, MCA, upholds the policy of the habitual traffic offender law, and is consistent with the philosophy found throughout Montana law of emphasizing rehabilitation over retribution.

The order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -

Mr. Justice L. C. Gulbrandson, dissenting:

I respectfully dissent.

Contrary to the declarations in the majority opinion, the State does not argue that § 61-12-601, MCA, is unconstitutional. The State's position is that the section does not establish a criminal offense, and it was only when the District Court ruled that it established a crime did the constitutional infirmity of vagueness arise.

The record is clear that the defendant entered a plea of guilty to DUI (§ 61-8-401, MCA) in Gallatin County Justice Court on March 7, 1981, one month prior to his seventeenth birthday, and that he pled guilty as an adult to DUI on May 9, 1982. The present DUI offense occurred December 19, 1984, which date is within the five-year period contemplated by § 61-8-714(3), MCA.

The Justice Court, on March 7, 1981, had jurisdiction to accept the plea of guilty and was only limited in the punishment it could impose under § 61-12-601, MCA.

This Court, in State of Montana ex rel. Lloyd Scott Maier v. The City Court of Billings (Mont. 1983), 662 P.2d 276, 40 St.Rep. 560, stated:

> The provisions of section 61-12-601, MCA, are therefore exclusive as to jurisdiction of traffic offenses involving minors, and youth courts in this state are granted no jurisdiction of such traffic law violations.

Maier, 662 P.2d at 281.

It is my opinion that the legislature, by excluding traffic violations from the Youth Court Act (§ 61-12-601, MCA) and by opening a youth's traffic records to public inspection (§ 41-5-602, MCA) has indicated a legislative intent that juvenile drivers be subject to the same

7

responsibilities as adult drivers, although imprisonment is not allowed as punishment for juvenile traffic offenders.

The majority, by ruling that DUI offenses (no matter how many) committed by a juvenile may not be considered in the application of § 61-8-714(3), MCA, in the prosecution of an adult charged with DUI, in my view, is undermining the policy of the habitual traffic offender law which it claims to be upholding.

Once again, because of judicial decision, the legislature will be faced with the responsibility of declaring the public policy of this State with regard to the prosecution of DUI offenses under § 61-8-714(3), MCA, and the accumulation of traffic conviction points under § 61-11-203(2)(d), MCA.

I would reverse the order of the District Court.

_____
                Justice

Mr. Justice Fred J. Weber dissents as follows:

I concur in the foregoing dissent of Justice Gulbrandson.

The code section relating to the revocation of driving privileges for habitual traffic offenders is presently contained in §§ 61-11-201 to -215. This was enacted as Chapter No. 362 in the 1974 Legislative Session. As enacted, the title stated that it was an act relating to habitual traffic offenders providing for a system of conviction points leading to revocation of driving privileges. As appears from a review of the Act, the essential element is that it affords a means of taking away the license to drive of a person who has demonstrated his apparent indifference for the safety and welfare of others and his disrespect for the laws of Montana and disregard of the orders of courts. See § 61-11-202, MCA, for the legislative intent. I believe it is readily possible to give effect to the Act by taking away a driver's license without contradicting the other penalties provided in § 61-12-601 and 61-8-401, MCA. I agree with Justice Gulbrandson in noting that the Act does not suggest any reason why the indifference of a driver to the safety and welfare of others is any different for a minor offender than for an adult. In fact, a minor indicates a greater disregard and disrespect for the laws of the state when he consumes alcohol, which is illegal for a person his age, and therefore more accurately fits within the group of persons whom the Legislature intended to control.

The defendant pleaded guilty to DUI (§ 61-8-401, MCA) in justice court while 16 years of age. Under § 61-11-203, MCA, "conviction" includes a finding of guilt by duly constituted judicial authority as a result of a plea of guilty. It

9

clearly appears that the 16 year old's plea of guilty constitutes such a conviction. I would therefore conclude that there is a basis under these statutes for the determination by the court whether the defendant was a habitual traffic offender who should be required to surrender his driver's license. I would therefore reverse the Order of the District Court.

Justice

Mr. Chief Justice J. A. Turnage, dissents as follows:

I concur in the foregoing dissent of Mr. Justice L. C. Gulbrandson and the dissent of Mr. Justice Fred J. Weber.

Chief Justice