No. 88-594

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

DENNY DEAN SHAW,

        Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Custer,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    John S. Forsythe, Forsyth, Montana

    For Respondent:

    Hon. Marc Racicot, Attorney General, Helena, Montana
Robert F.W. Smith, Asst. Atty. General, Helena
Mr. Keith D. Haker, County Attorney, Miles City,
Montana

Submitted: May 11, 1989

Decided: June 2, 1989

_____
Clerk

Filed: FILED '89 JUN 2 PM 2 54 ED ... CLERK MONTANA SUPREME COURT

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The defendant, Denny Shaw, appeals his conviction from the District Court of the Sixteenth Judicial District, Custer County. Following a jury trial, the defendant was found guilty of felony theft and burglary and was sentenced to 10 years at the Montana State Prison. We reverse.

The defendant's brief presents seven issues for our review. Since we conclude that reversible error has been committed with respect to one of those issues, the remaining six will not be discussed. We consider whether it was error to allow the State to impeach a defense witness by asking if he had been convicted of a crime and asking him to disclose what crimes he had committed in view of Rule 609, M.R.Evid.

On July 21, 1987, John Helm of Miles City, contacted the Custer County Sheriff's Office to report the theft of a skill saw, some tools, a .22 caliber rifle, two cameras, and miscellaneous groceries. He later reported that a rototiller was missing as well. On August 5, 1987, an anonymous woman called the Custer County Sheriff's Office to report that groceries stolen from the Helm residence were taken to the James Carpenter residence by Mike Johnson.

Mike Johnson later gave a statement to the Custer County Deputy Sheriff concerning the offenses. Johnson stated that the Helm burglary was suggested by Lorna Kidd at a drinking party attended by Lewis Carpenter, Rose Carpenter, Carol Carpenter Johnson and Gary Johnson. The evidence established that the defendant was not present at that party. Mike Johnson, his brother Gary, and his wife Carol then traveled to a bar where they met a person named Danny or Denny Shaw. Mike Johnson testified that he and Denny Shaw had committed the burglary.

No physical evidence was presented by the State linking the defendant to the crime. Prior to trial, several of the State's witnesses were shown pictures of Denny Shaw, whom they identified as the man who committed the burglary with Mike Johnson. At trial, those witnesses identified the defendant with varying degrees of certainty.

During the defendant's presentation of his case, a bar owner was called to testify that it was not the defendant who sold him the .22 rifle which was allegedly the same rifle stolen from the Helm residence. The bar owner's testimony was corroborated by another defense witness, Charles Schoonover, who was at the bar the night the gun was brought in. Mr. Schoonover testified that he wasn't sure who brought the gun into the bar, but that it was not the defendant. He testified that he had known the defendant for ten to fifteen years.

On cross examination of Mr. Schoonover the State engaged in the following inquiry:

Q. Have you ever been convicted of a crime?

Mr. Christi: Your Honor, I'm going to object to that question. I don't believe it's within the scope of cross-examination.

Mr. Corbin: I believe that has to be within the scope, Your Honor.

The Court: It's cross-examination. Overruled.

Q. (by Mr. Corbin) Have you?

A. Yeah.

Q. What crime?

A. Intimidation.

Q. Any other crimes?

3

A.  Assault.

Q.  Anything involving guns?

A.  Intimidation.

The defendant argues that the foregoing cross-examination is impermissible as a method of impeachment under Rule 609, M.R.Evid., which states:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is not admissible.

The State argues that the introduction of such evidence was harmless error because Mr. Schoonover's testimony merely corroborated that of the bar owner and added nothing to the defendant's case.  Despite the substance of the witness' testimony, this Court will not condone prosecutorial conduct which is in clear violation of Rule 609, M.R.Evid.  We note that generally, it is the defendant who objects to the introduction of other crimes evidence.  See State v. Just (1979), 184 Mont. 262, 602 P.2d 957; State v. LaVe (1977), 174 Mont. 401, 571 P.2d 97; State v. Heine (1976), 169 Mont. 25, 544 P.2d 1212; State v. Jensen (1969), 153 Mont. 233, 455 P.2d 631.  In that circumstance, such evidence is inadmissible unless it falls within an exception of Rule 404(b), M.R.Evid.:

> Other crimes, wrongs, acts.  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Mr. Schoonover's testimony as to his crimes failed to reveal a motive, opportunity, intent, preparation, plan, knowledge,

4

identity, or absence of mistake or accident. As a result the evidence was not admissible as an exception under Rule 404(b), M.R.Evid.

The record fails to disclose any appropriate reason for the State's inquiry as to the prior criminal conduct of Mr. Schoonover. Clearly it was not something inadvertent in nature, as the defendant's attorney objected to the question but was overruled by the trial court. We conclude that the intention on the part of the State was to discredit the witness by showing that he had been engaged in crimes of intimidation and assault, and that the intimidation crime involved guns. We further conclude that the aim on the part of the State was to improperly impugn the character of the defendant and thereby suggest a greater likelihood of guilt of the crimes with which he was charged. We will not tolerate this intentional and significant evasion of our rules.

We conclude that the prosecution's inquiry clearly was improper under Rule 609, M.R.Evid., and that none of the exceptions stated in Rule 404(b), M.R.Evid. applied. We hold that it was reversible error for the District Court to allow this testimony.

The judgment of conviction is reversed and the case is remanded for new trial.

_____
Justice

We Concur:

_____
Chief Justice

_William E. Hunter_
_____

_John C. Sheehy_
_____

_R. C. McDonough_
_____
                    Justices

_Joseph B. Gary_
District Judge Joseph B. Gary
sitting for Justice L. C.
Gulbrandson