No. 89-369

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

BRUCE JAMES CHASSE,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Terry A. Wallace, Missoula, Montana

For Respondent:

Hon. Marc Racicot, Attorney General, Helena, Montana
Patti Powell, Asst. Atty. General, Helena
Robert Deschamps, III, County Attorney; Betty Wing,
Deputy, Missoula, Montana

Submitted on Briefs: Nov. 21, 1989

Decided: December 20, 1989

FILED

'89 DEC 20 PM 3 59

ED SMITH CLERK
MONTANA SUPREME COURT

Filed

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Defendant Bruce James Chasse appeals his conviction and sentence in District Court, Missoula County, for Driving Under the Influence, Second Offense, contending that such conviction violates the constitutional protection against double jeopardy. We affirm.

The District Court's opinion and order in this case were based on the Stipulated Facts filed by both parties. A brief summary of those facts follows.

Chasse was first arrested for Driving while Under the Influence on June 1, 1984 and three days later he pleaded guilty to that offense. At the time Chasse, only seventeen years old, was not represented by counsel. Chasse was not advised of his right as a juvenile to have his parents present or of the consequences of enhanced punishment for subsequent DUIs. He was fined $50.

By the time of his second offense DUI on September 15, 1984, Chasse was eighteen years old. Chasse appeared before a justice of the peace, whom Chasse claims did not advise him of his rights. Again, Chasse pleaded guilty. He was sentenced to six months in jail and fined $400. After spending seven days in jail, Chasse was released with the condition that he enter an in-treatment center for alcoholism. Chasse admitted himself to treatment in Great Falls, and after release from treatment, he attended ACT school.

As the result of an October 25, 1986 motorcycle-pickup truck collision, Chasse was arrested a third time for DUI. A blood sample drawn at the hospital where he was taken after the accident showed Chasse's blood alcohol concentration to be .177. Originally, Chasse was charged with third-offense DUI and the matter was filed in district court. When it was learned that Chasse's first DUI conviction was as a juvenile, the cause was remanded to justice court as a second offense DUI, pursuant to

State v. Gee (1986), 222 Mont. 498, 723 P.2d 934.

At the justice court trial Chasse was convicted of second offense DUI as well as operating a vehicle without proper registration and driving without a valid driver's license. Appealing only the DUI conviction to the District Court, Chasse reasserted his argument that charging him with second offense DUI violated his constitutional protection against double jeopardy. Because he had already suffered one conviction for second offense DUI, Chasse argued that it would be double jeopardy to try him again for second offense DUI. The District Court rejected this argument and found Chasse guilty of DUI, second offense.

On appeal to this Court Chasse presents the same issue:

> Can a person in Montana be convicted of DUI, second offense, twice within a period of five years under Montana's DUI statutory scheme?

Chasse makes exactly the same argument to this Court as he did to the justice and District Courts. Like the justice and District Courts, we also reject his double jeopardy argument.

Chasse was charged under section 61-8-401, MCA, for driving under the influence of alcohol. After he was tried and convicted, he was sentenced under the provisions of section 61-8-714, MCA.

The gist of Chasse's argument is that, according to the sentencing scheme of section 61-8-714, MCA, two convictions for second offense DUI within a five-year period is not permitted by the statute. Thus, he argues, his twice being convicted for the crime of second offense DUI constitutes double jeopardy. This, Chasse avers, amounts to a denial of procedural and substantive due process because he is now charged, convicted and sentenced for a crime undefined by the law--the crime of "second DUI, second

3

offense."

Our Double Jeopardy Clause simply states that "no person shall be again put in jeopardy for the same offense previously tried in any jurisdiction." Art. II, sec. 25, Mont. Const. (1972). The Fifth Amendment to the United States Constitution mandates that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."

In a recent criminal case this Court explored the operation of the Double Jeopardy Clause:

> The basic design of the Double Jeopardy Clause is the prevention of successive prosecutions and the attendant threat of multiple punishments. (Citations omitted.) The appeal of a sentence imposed upon conviction does not expose a defendant to successive prosecutions nor multiple punishments for the same crime. A defendant remains subject to a single determination of guilt or innocence and a single, albeit potentially more severe, punishment.

State v. Wirtala (Mont. 1988), 752 P.2d 177, 181, 45 St.Rep. 596, 600.

In Wirtala, the nature and purpose of the Double Jeopardy Clause was also discussed:

> That guarantee [against double jeopardy] has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

Wirtala, 752 P.2d at 181 (citing United States v. Di Francesco

4

(1980), 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328, 340).

None of the three above-listed protections applies to the case at bar. This is not a second prosecution for the same offense after acquittal or conviction. Nor is Chasse's sentence for the 1986 DUI multiple punishment for the same offense.

Montana's statutory bar to double jeopardy, found at section 46-11-503, MCA, prohibits "a prosecution based upon the same transaction as a former prosecution" under certain circumstances. It is obvious that Chasse's prosecution for the October 1986 DUI was not based upon the same transaction as his September 1984 prosecution. Thus, no double jeopardy attaches. The problem is not with Chasse's present DUI conviction but with the prior convictions. While the two previous convictions were not erroneous, the penalties Chasse received in 1984 may have been improper. Nonetheless, the sentence Chasse received in 1989 was proper and fair. When the error was discovered, the State moved to remand the case to justice court and charged Chasse with DUI, second offense. He was then properly prosecuted, convicted and sentenced in accordance with the laws of the State of Montana for a second offense DUI.

We affirm the District Court's holding.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_John C. Sheehy_

_William E. Hunt Sr._

_Fred J. Weber_
Justices